Damian D. Capozzola (State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

Timothy T. Wang (*pro hac vice incoming*)
twang@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4600
Facsimile: (972) 314-0900

*Counsel for Plaintiff*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF CALIFORNIA
### WESTERN DIVISION

| | |
|---|---|
| Kflow (HK) Limited,<br><br>*Plaintiff,*<br>v.<br><br>Aqua Tru, LLC and Ideal Living, LLC<br><br>*Defendants*. | No.  2:26-cv-06172<br><br>ORIGINAL COMPLAINT<br><br>JURY DEMAND |

ORIGINAL COMPLAINT
- 1 -

## ORIGINAL COMPLAINT

Plaintiff Kflow (HK) Limited ("Plaintiff") primarily seeks a declaratory judgment of patent non-infringement of certain water filtration system products ("Accused Products") and ownership of United States Patent No. 10,532,941 ("Patent-in-suit") against Defendants Aqua Tru, LLC and Ideal Living, LLC.

## INTRODUCTION

1. Over the past twenty years, online retailing has revolutionized how foreign companies reach American consumers. The rise of electronic marketplaces combined with a dramatic increase in transport speed and improved logistic networks has allowed even relatively small companies to compete globally. These developments have generally increased competition and lowered prices.

2. The web domain "Amazon.com" hosts the Amazon Marketplace and its millions of product listings; it is United States specific and targets American consumers. For an online retailer to effectively compete in the United States, it must sell on the Amazon Marketplace. According to bigcommerce.com, "Each month more than 197 million people around the world get on their devices and visit Amazon.com. That's more than the entire population of Russia. In 2018, Amazon's share of the US e-commerce market hit 49%... that is more than Amazon's top three competitors combined, with eBay coming in at 6.6%, Apple at 3% and Walmart at 3.7%."

3.     Nine out of ten American consumers use Amazon to price check products they find elsewhere, and roughly 95 million people have Amazon Prime memberships in the United States. Facing the considerable challenges of managing this sprawling hive of commercial activity, Amazon, Inc. established intellectual property complaint and enforcement systems for Amazon.com primarily designed to protect itself from contributory infringement liability. These include a patent infringement reporting mechanism and a binding pseudo-arbitration evaluation procedure currently known as the Amazon Patent Evaluation Express.

4.     In sum, after Amazon receives a patent infringement complaint, it may unilaterally remove the accused listings as a violation of their policies. Once this happens, accused sellers are left with limited options to appeal or overturn the removal, including submitting a court order stating that the accused seller is allowed to sell the accused products and hence are not violating Amazon policy for each of the listings mentioned in a deactivation notification.

5.     It is against this backdrop that Defendants Aqua Tru, LLC and Ideal Living, LLC (collectively "Defendants") reported to Amazon a meritless and bad faith "Intellectual Property Violation" against the Accused Products, specifically alleging infringement of the Patent-in-suit, which will lead to the delisting of the Accused Products if Plaintiff does not quicky respond.

**NATURE OF THE ACTION**

6.      This is an action for Declaratory Judgment of patent non-infringement and ownership of the Patent-in-suit arising under the Declaratory Judgment Act, 28 U.S.C. § 2201 et seq, and the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq.

7.      This action arises from a complaint submitted by Defendants to Amazon.com concerning Plaintiff's Amazon listings under ASINs B0CNPMRFXS and B09KRDK677, causing significant harm to Plaintiff.

**PARTIES**

8.      Plaintiff Kflow (HK) Ltd. is a limited company of Hong Kong, China and organized under the laws of Hong Kong.

9.      Upon information and belief, Defendant Aqua Tru, LLC is a Delaware limited liability company registered in California with a principal place of business located at 14724 VENTURA BLVD # 200 SHERMAN OAKS, CA 91403.

10.     Upon information and belief, Defendant Ideal Living, LLC is a Delaware limited liability company registered in California with the same principal place of business located at 14724 VENTURA BLVD # 200 SHERMAN OAKS, CA 91403.

**JURISDICTION AND VENUE**

ORIGINAL COMPLAINT
- 4 -

11.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §§ 1331, 1338(a) because it arises under the Patent Laws of the United States, 35 U.S.C. §§ 101 et. seq. Jurisdiction over the subject matter of this action is further provided under the Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202.

12.    Defendants are subject to this Court's personal jurisdiction because they are limited liability companies registered and have a principle place of business in California.

13.    Venue is proper in this District pursuant to 28 U.S.C. § 1391 as Defendants have a regular and established place of business in this judicial district.

## THE ACCUSED PRODUCTS

14.    Plaintiff is an e-commerce company selling various water filter systems on Amazon under the store named Bluevua Reverse Osmosis Drinking Water System.

15.    The Accused Products at issue are countertop water filter systems identified by ASIN Nos. B0CNPMRFXS and B09KRDK677.

16.    The Amazon marketplace constitutes Plaintiff's primary sales channel in the United States. To remain competitive in the United States market for water purifier systems, Plaintiff needs their products listed in the Amazon marketplace.

17.　Defendants' ability to use Amazon infringement complaints as an inequitable injunction significantly harms Plaintiff. In addition to the direct effects of monetary losses, the delisting of products will immediately result in lost sales numbers, product reviews, and product ratings, which are all important factors in determining their Amazon ranking. Amazon ranking is in turn important to product visibility in consumer searches and to Amazon's award of the "Amazon Choice" badge or the "Amazon Bestseller" designations which create a significant sales boost.

## UNITED STATES PATENT NO. 10,532,941

18.　Defendants Aqua Tru, LLC and Ideal Living, LLC are the assignees of the Patent-in-suit, attached as Exhibit A.

19.　The Patent-in-suit is entitled "SYSTEMS AND METHODS FOR WATER FILTRATION" and discloses in independent claim 14: "A point-of-use countertop water filtration system, comprising: a support base; a first receptacle disposed on the support base and configured to store source water; a second receptacle disposed on the support base and configured to store supply water; and a filter system disposed between the first receptacle and the second receptacle, the filter system comprising sediment and/or carbon filters, an RO filter, and a carbon filter, wherein the sediment and/or carbon filters are configured to filter and deliver first filtered water to the RO filter, wherein the RO filter is configured and disposed

to receive the first filtered water from the sediment and/or carbon filters, to deliver a first portion of the first filtered water to the first receptacle, the first portion of the first filtered water being waste water that is delivered back to the first receptacle, and to filter and deliver a second portion of the first filtered water, the second portion of the first filtered water being second filtered water, wherein the carbon filter is disposed between the RO filter and the second receptacle and is configured to receive the second filtered water from the RO filter and to filter and deliver third filtered water to the second receptacle." *Id*.

20.    The Patent-in-suit was filed on August 17, 2016, and issued on January 14, 2020. *Id*.

21.    The Patent-in-suit claims priority to application No. 14/168,342, filed on January 30, 2014, now U.S. Patent No. 9,517,958. *Id*.

22.    The Patent-in-suit comprises fourteen (14) claims all directed to a water filtration system. *Id*.

## BACKGROUND

23.    Prior to the filing of the Patent-in-suit and its alleged priority application, Kflow Environmental Technology Co. Ltd. ("Kflow Xiamen") of Xiamen, China, a pioneer developer in water filter systems, developed water filtration technology relating to a countertop reverse-osmosis water filter system and

provided related design and technical information to Defendants through their agent/affiliate in China in connection with the parties' business relationship.

24.    On November 6, 2013, Kflow Xiamen, filed a patent application in China and published as Chinese Patent No. CN 103553228 relating to similar water filtration technology. Upon information and belief, Defendants later sought U.S. patent protection for substantially similar subject matter without authorization from Kflow Xiamen, with the Patent-in-suit claiming priority to an application filed on January 30, 2014.

25.    Plaintiff Kflow (HK) Limited was formed in 2016 and acquired full ownership of Kflow Xiamen, including ownership rights in the technologies it developed throughout the years.

26.    Defendants sell water filtration systems under the brand AQUATRU.

27.    On May 21, 2026, Defendants lodged a meritless Amazon infringement Complaint (Complaint ID: 20257233521) ("Complaint") against Plaintiff and the Accused Products. *See* Exhibit B.

28.    Therein, Defendants identified claim 14 of the Patent-in-suit as the patent claim infringed by the Accused Products.

29.    Amazon responded to the Complaint by notifying its intent to remove or delist the Accused Products if Plaintiff does not participate in an Amazon Patent

Evaluation Express procedure or file a lawsuit of non-infringement against the Patent-in-suit.

## CLAIM I: DECLARATORY JUDGMENT OF NON-INFRINGMENT

30.     Plaintiff incorporates by reference the preceding paragraphs as though fully set forth herein.

31.     An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants as to the non-infringement of the Patent-in-suit by the Accused Products, as evidenced by Defendants' allegations of infringement on Amazon, as set forth above.

32.     Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally, or under the doctrine of equivalents, any claims of the Patent-in-suit.

33.     For example, the Accused Products do not comprise each and every element of exemplary claim 14 of the Patent-in-suit. For example, the following elements of claim 14 of the Patent-in-suit are missing from the Accused Products: "a first receptacle disposed on the support base;" "a second receptacle disposed on the support base and configured to store supply water;" and "a filter system disposed between the first receptacle and the second receptacle."

34.     Specifically, the Accused Products do not include both a first receptacle and a second receptacle disposed on a common support base in the manner required by claim 14. Instead, the Accused Products include a raw-water/wastewater container associated with a body pedestal and a removable kettle positioned on a separate heating structure, which are structurally and functionally distinct from the claimed arrangement.

35.     Specifically, the Accused Products do not comprise the claimed "second receptacle disposed on the support base and configured to store supply water." Claim 14 requires a second receptacle configured to store supply water that has been processed by the filtration system. In contrast, the Accused Products include a removable water-purifying kettle that functions as a collection and dispensing vessel and, in certain embodiments, further cooperates with heating, extraction, and/or refrigeration components. The removable kettle is not configured as a supply-water receptacle as recited in claim 14 and therefore does not satisfy this limitation.

36.     Specifically, the Accused Products at least do not further comprise the filter system disposed between a first receptacle and second receptacle as required by claim 14.  Rather, water is routed through separate purification and dispensing components that are not arranged in the manner recited by claim 14.

37. Accordingly, because Accused Products do not satisfy at least the foregoing limitations of claim 14, they do not literally infringe claim 14 of the Patent-in-suit.

38. In addition, the Accused Products are protected by the earlier Chinese patent, which predates the earliest priority of the Patent-in-suit. The Accused Products either do not infringe or the later Patent-in-suit is likely invalid.

39. Plaintiff therefore requests a judicial declaration that the Accused Products do not infringe any claims of the Patent-in-suit.

## CLAIM II: DECLARATORY JUDGMENT OF OWNERSHIP AND INVENTORSHIP

40. Plaintiff incorporates by reference the preceding paragraphs 1-29 as though fully set forth herein.

41. An actual, continuing, and justiciable controversy exists between Plaintiff and Defendants as to ownership, inventorship, and right, title, and interest in the Patent-in-suit.

42. Pursuant to the Declaratory Judgment Act, Plaintiff requests a judicial determination and declaration that the Accused Products do not infringe and have not infringed, either directly or indirectly, literally, or under the doctrine of equivalents, any claims of the Patent-in-suit.

43.    Kflow Xiamen, conceived, designed, and developed the underlying technology embodied in the Patent-in-suit in or about 2013, including technology later reflected in Chinese Patent No. CN 103553228, filed on November 6, 2013.

44.    Plaintiff is the successor-in-interest to Kflow Xiamen, and holds all rights, title, and interest in the intellectual property arising from its development activities, including rights transferred through acquisition.

45.    Defendants obtained knowledge of Plaintiff's technology during the parties' business relationship and thereafter filed or caused to be filed the application for the Patent-in-suit without authorization, consent, or assignment from Plaintiff.

46.    To the extent the Patent-in-suit names inventors who did not conceive the claimed subject matter, the inventorship of the Patent-in-suit is incorrect and requires correction pursuant to 35 U.S.C. § 256.

47.    Plaintiff is the rightful owner, or at minimum an equitable owner, of all rights, title, and interest in the Patent-in-suit and the inventions claimed therein.

48.    Defendants' assertion of ownership and enforcement rights in the Patent-in-suit is adverse to Plaintiff's superior rights and has caused ongoing harm.

49.    Plaintiff therefore requests a judicial declaration that Plaintiff is the lawful owner of the Patent-in-suit, or in the alternative, that Plaintiff is entitled to correction of inventorship and assignment of all rights in the Patent-in-suit.

**DEMAND FOR JURY TRIAL**

ORIGINAL COMPLAINT
- 12 -

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of all issues so triable by right.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully request that this Court enter the following in favor of Plaintiff:

A.  Preliminary and permanent injunctions ordering Defendants to withdraw all Amazon infringement complaints lodged against the Accused Products regarding the Patent-in-suit, and to refrain from lodging any further infringement complaints regarding the same;

B.  A finding and declaratory judgment that the Accused Products do not infringe any claim of the Patent-in-suit;

C.  A finding and judgment that this case is exceptional and an award to Plaintiff of its costs, expenses, and reasonable attorney fees incurred in this action pursuant to 35 U.S.C § 285;

D. Declare Plaintiff the lawful owner of the Patent-in-suit;

E. Order correction of inventorship pursuant to 35 U.S.C. § 256;

F. Order assignment of the Patent-in-suit to Plaintiff;

G. Impose a constructive trust over any proceeds derived from the Patent-in-suit; and

H.  Such further and additional relief as the Court deems just and proper.

ORIGINAL COMPLAINT
- 13 -

Dated:  June 6, 2026

Respectfully submitted,

_____

Local counsel:
Damian D. Capozzola
(State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

By: */s/Timothy Wang*
Timothy Wang (*pro hac vice forthcoming*)
Texas Bar No.: 24067927
Ni, Wang & Massand, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
972.331.4603
972.314.0900 (facsimile)
twang@nilawfirm.com

*Counsel for Plaintiff*