Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Kflow (HK) Limited,

Plaintiff,

v.

Aqua Tru, LLC and Ideal Living, LLC,

Defendants.

Case No. 2:26-cv-06172

**DEFENDANTS' MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: August 27, 2026
Time: 10:00 a.m.
Judge: Fernando M. Olguin
Courtroom: 6D

# TABLE OF CONTENTS

**Page**


I. INTRODUCTION .......... 1

II. STATEMENT OF FACTS .......... 2

A. The ’941 Patent and Relationship Between the Parties. .......... 2

B. The Relevant Allegations of the FAC. .......... 3

III. LEGAL STANDARDS .......... 5

IV. ARGUMENT .......... 6

A. Claim II for Correction of Inventorship and Ownership Is Not Adequately Pled. .......... 6

1. Kflow Has Not Adequately Pled Misjoinder. .......... 7

2. Kflow Has Not Adequately Pled Nonjoinder. .......... 9

3. Kflow’s Claim of Ownership Is Based on Its Inventorship Claim and Fails for the Same Reasons. .......... 12

B. Kflow Lacks Standing to Bring Claim II. .......... 12

V. CONCLUSION .......... 13

# TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGE(S)**

*Ashcroft v. Iqbal*
556 U.S. 662 (2009) .......... 5

*Bell Atl. Corp. v. Twombly*
550 U.S. 544 (2007) .......... 5

*Blackhawk Network Inc. v. SL Card Co. Inc.*
589 F. Supp. 3d 1115 (D. Ariz. 2022) .......... 5, 12, 13

*CelLink Corp. v. Manaflex LLC*
Case No. 23-cv-04231, 2025 WL 1069893 (N.D. Cal. Apr. 9, 2025) .......... 6, 9, 10, 11

*Eastman v. Apple, Inc.*
Case No. 18-cv-05929, 2019 WL 1559015 (N.D. Cal. Apr. 10, 2019) .......... 12

*Ecojet, Inc. v. Pure Spa Components, Inc.*
Case No. 16-cv-0146, 2017 WL 3485780 (C.D. Cal. Feb. 10, 2017) .......... 12

*Eli Lilly & Co. v. Aradigm Corp.*
376 F.3d 1352 (Fed. Cir. 2004) .......... 7

*FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*
Case No. 22-cv-7148, 2024 WL 1199018 (N.D. Cal. Mar. 20, 2024) .......... passim

*Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*
Case No. 20-cv-2644, 2022 WL 204923 (D. Minn. Jan. 24, 2022) .......... 7, 8, 11, 12

*McEachin v. CommuniCare Health Found.*
Case No. 24-cv-1108, 2025 WL 2091952 (W.D. Tex. July 3, 2025) .......... 8

*Opternative, Inc. v. JAND, Inc.*
Case No. 17-cv-6936, 2018 WL 3747171 (S.D.N.Y. Aug. 7, 2018) .......... 11

*Pro Marketing Sales, Inc. v. Secturion Sys., Inc.*
Case No. 1:19-cv-00113, 2020 WL 5912351
(D. Utah Oct. 6, 2020) .......... 9

*Trovan, Ltd. v. Sokymat SA, Irori*
299 F.3d 1292 (Fed. Cir. 2002) .......... 6

*White v. Lee*
227 F.3d 1214 (9th Cir. 2000) .......... 5

**FEDERAL STATUTES, REGULATIONS, AND RULES**

35 U.S.C. § 256 .......... passim

Federal Rules of Civil Procedure
Rule 12(b)(1) .......... 1, 5
Rule 12(b)(6) .......... 1, 5

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

Pursuant to Rules 12(b)(1) and 12(b)(6), Defendants Aqua Tru, LLC and Ideal Living, LLC (together, "Ideal Living") move to dismiss Claim II of Plaintiff Kflow (HK) Limited's ("Kflow") First Amended Complaint, Dkt. No. 17, ("FAC"), which seeks a declaratory judgment correcting inventorship and a declaration that Kflow is the rightful owner, or at minimum an equitable owner, of U.S. Patent No. 10,532,941 (the "'941 patent").

Claim II rests on the assertion that two individuals at Kflow's predecessor-in-interest, Kflow Xiamen—Mr. Lih Ching Lee and Ms. Lin Yen—actually conceived of the inventions claimed in the '941 patent, and that the '941 patent's named inventors, Messrs. Peter G. Spiegel and Michael A. Pedersen, did not. Notwithstanding its bare allegations, the FAC fails to plead a cognizable claim under either theory for inventorship correction available under 35 U.S.C. § 256—misjoinder (*i.e.*, that the named inventors *did not* conceive the invention) or nonjoinder (*i.e.*, that Mr. Lee and Ms. Yen *did* conceive the invention).

***First***, Kflow has not adequately pled misjoinder. The FAC never alleges that the named inventors, Messrs. Spiegel and Pedersen, did not conceive of the inventions claimed in the '941 patent. Rather, the FAC relies on allegations that the named inventors had "access" to prototypes and documents and "knowledge" of Kflow's technology. But courts have uniformly held that allegations like this are insufficient to overcome the presumption that named inventors contributed to conception.

***Second***, Kflow has not adequately pled nonjoinder. The FAC fails to allege any joint behavior between Mr. Lee and Ms. Yen, on the one hand, and the named inventors, on the other. The FAC likewise fails to link the materials Kflow Xiamen allegedly provided to Ideal Living's Chinese agent to either the inventions Mr. Lee and Ms. Yen allegedly conceived or to any specific claim or claim limitation of the '941 patent. The FAC also fails to allege that Mr. Lee and Ms. Yen made a more-than-

insignificant contribution to the conception of any invention claimed in the ’941 patent. Each of these failures is independently fatal to Kflow’s nonjoinder claim. Because Kflow’s ownership claim is entirely predicated on its inventorship claim, moreover, it fails for the same reasons.

***Third***, and independently, the FAC does not allege that Mr. Lee or Ms. Yen ever assigned, or were obligated to assign, any rights to Kflow Xiamen in the first place, meaning Kflow has no concrete interest in the ’941 patent and lacks Article III standing to bring Claim II.

For these reasons, the Court should dismiss Claim II in its entirety.

## II. STATEMENT OF FACTS

In this lawsuit, Kflow seeks a declaratory judgment of non-infringement of the ’941 patent (Count I) and a declaratory judgment of ownership and inventorship of the ’941 patent (Count II). FAC ¶¶ 30-50. This motion concerns only Count II of the FAC.

### A. The ’941 Patent and Relationship Between the Parties.

The ’941 patent is titled “SYSTEMS AND METHODS FOR WATER FILTRATION” and contains 14 claims. FAC ¶¶ 19, 22; *see also* ’941 patent, Ex. A to FAC (Dkt. No. 17-1). The named inventors of the ’941 patent are Peter G. Spiegel, the founder and co-CEO of Ideal Living, LLC, and Michael A. Pedersen, Vice President of Engineering and Quality Assurance at Ideal Living, LLC. *See* Ex. A to FAC. Messrs. Spiegel and Pedersen conceived the subject matter claimed in the ’941 patent by March 2008, during their employment at Ideal Living’s predecessor-in-interest Sylmark Holdings Limited (“Sylmark”). Although product development continued, Sylmark sidelined the confidential project due to the impact of the global recession, eventually filing the application to which the ’941 patent claims priority on January 30, 2014.

Although the FAC vaguely mentions “the parties’ business relationship,” *e.g.*, FAC ¶¶ 23 and 45, it omits important details about that relationship. In Q3 of 2009, well after Messrs. Spiegel and Pedersen conceived of the inventions claimed in the

’941 patent, Sylmark’s business relationship with Kflow’s predecessor-in-interest Kflow Xiamen began. The relationship was initially formalized with the execution of a Confidentiality and Non-Disclosure Agreement (“NDA”). The NDA concerned a Countertop Water Purifier, and provided that, *inter alia*, Sylmark owned the intellectual property (“IP”) rights related to anything it shared with Kflow Xiamen and that Kflow Xiamen irrevocably assigned to Sylmark all IP rights in anything Kflow Xiamen developed under the NDA. Kflow Xiamen also agreed not to file any patent applications relating to or based upon information provided by Sylmark to Kflow Xiamen under the NDA.[1] In 2014, Sylmark terminated the relationship with Kflow Xiamen.

### B. The Relevant Allegations of the FAC.

Relevant to this motion, the FAC alleges with respect to Claim II that “[p]rior to the filing of the [’941 patent] and its alleged priority application, [Kflow Xiamen] of Xiamen, China, a pioneer developer in water filter systems, developed water filtration technology relating to a countertop reverse-osmosis water filter system and provided related design and technical information to Defendants through their agent/affiliate in China in connection with the parties’ business relationship.” FAC ¶ 23. Specifically, “Kflow Xiamen, conceived, designed, and developed the underlying technologies embodied in the [’941 patent] from late 2012 to early 2013, including but not limited to the technologies relating to the water filter system disclosed and claimed therein. Some of the technologies were reflected in Chinese Patent No. CN 103553228, filed on November 6, 2013.” FAC ¶ 42; *see also id.* ¶ 24 (“On November 6, 2013, Kflow Xiamen, filed a patent application in China and published as Chinese Patent No. CN 103553228 relating to similar water filtration technology.”).

With respect to the alleged omitted inventors, the FAC alleges that the “inventors at Kflow Xiamen who conceived and developed the underlying

[1] The parties also operated under an Engineering and Development Services Agreement, which contained provisions similar to the NDA.

technologies claimed in the ['941 patent] are Mr. Lih Ching Lee and Ms. Lin Yen." FAC ¶ 43. Rather than allege that the named inventors of '941 patent did not conceive of the inventions claimed in the '941 patent, the FAC alleges that, "[a]t the request of Defendants' agent in China, Kflow Xiamen delivered four completed prototypes, along with the design and technical documents . . . [Defendants] did not return the prototypes and documents. . . . [and], [u]pon information and belief, the current named inventors Peter G. Spiegel and Michael A. Pedersen had access to the prototypes and documents delivered by Kflow Xiamen to Defendants' agent." FAC ¶ 43; *see also id.* ¶ 24 ("Upon information and belief, Defendants later sought U.S. patent protection for substantially similar subject matter without authorization from Kflow Xiamen, with the ['941 patent] claiming priority to an application filed on January 30, 2014."), ¶ 45 ("Defendants obtained knowledge of [Kflow]'s technology during the parties' business relationship and thereafter filed or caused to be filed the application for the ['941 patent] without authorization, consent, or assignment from [Kflow].").

The FAC does not allege that either Mr. Lee or Ms. Yen assigned, or were obligated to assign, any rights to Kflow Xiamen. Rather, the FAC alleges that Kflow "is the successor-in-interest to Kflow Xiamen, and holds all rights, title, and interest in the intellectual property arising from its development activities, including rights transferred through acquisition." FAC ¶ 44; *see also id.* ¶ 25 ("Plaintiff Kflow (HK) Limited was formed in 2016 and acquired full ownership of Kflow Xiamen, including ownership rights in the technologies it developed throughout the years.").

Based on these allegations—and "[t]o the extent the ['941 patent] names inventors who did not conceive the claimed subject matter, the inventorship of the ['941 patent] is incorrect and requires correction pursuant to 35 U.S.C. § 256," FAC ¶ 46—Kflow "requests a judicial determination and declaration that Mr. Lih Ching Lee and Ms. Lin Yen are the correct inventors of the ['941 patent] and [Kflow] is the rightful owner of the ['941 patent]" or, "[i]n the alternative, [Kflow] requests a judicial declaration that Mr. Lih Ching Lee and Ms. Lin Yen are co-inventors of the ['941

patent] and hold undivided interest in the ['941 patent]." FAC ¶¶ 49–50; *see also id.* ¶ 47 ("[Kflow] is the rightful owner, or at minimum an equitable owner, of all rights, title, and interest in the ['941 patent] and the inventions claimed therein").

## III. LEGAL STANDARDS

Dismissal under Rule 12(b)(6) is appropriate where the complaint lacks sufficient facts to support a cognizable legal theory. *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, Case No. 22-cv-7148, 2024 WL 1199018, at *2 (N.D. Cal. Mar. 20, 2024). To survive a Rule 12(b)(6) motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible when a plaintiff pleads "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Courts do not, however, "accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *FibroGen, Inc.*, 2024 WL 1199018, at *2 (citation omitted).

Federal Rule of Civil Procedure 12(b)(1) authorizes a court to dismiss claims over which it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Lack of standing is properly raised in a motion to dismiss under Rule 12(b)(1). *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000). "When the motion to dismiss attacks the allegations of the complaint as insufficient to confer subject matter jurisdiction, all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." *Blackhawk Network Inc. v. SL Card Co. Inc.*, 589 F. Supp. 3d 1115, 1128 (D. Ariz. 2022), *amended on reconsideration*, Case No. 21-cv-00813, 2022 WL 1136633 (D. Ariz. Apr. 18, 2022) (citations omitted). In this setting, "the party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing" and "must 'clearly . . . allege facts demonstrating' each element." *Id.* (citations omitted).

## IV. ARGUMENT[2]

Patents must list all the true inventors. *Trovan, Ltd. v. Sokymat SA, Irori*, 299 F.3d 1292, 1301 (Fed. Cir. 2002). 35 U.S.C. § 256 "provides a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent." *FibroGen, Inc.*, 2024 WL 1199018, at *3 (citation omitted). "Section 256 addresses two types of inventorship errors – misjoinder and nonjoinder." *Id.* Misjoinder is the error of naming a person as an inventor who is not an inventor. *Id.* Nonjoinder is the error of omitting an inventor. *Id.* Section 256 allows "complete substitution of inventors" by making both claims of nonjoinder and misjoinder. *Id.* (citation omitted).

Nevertheless, "[t]he inventors named in an issued patent are presumed correct." *FibroGen, Inc.*, 2024 WL 1199018, at *3 (citation omitted). To overcome that presumption, a party asserting misjoinder must allege that "the persons to be removed did not contribute to the invention of any of the allowed claims." *Id.* To plead a nonjoinder claim under § 256, on the other hand, a plaintiff must allege facts from which a court can infer that (1) the allegedly omitted inventor "made a more-than-insignificant contribution to the conception of at least one claim of the patent" and (2) "there was some element of joint behavior, such as 'collaboration or working under common direction.'" *CelLink Corp. v. Manaflex LLC*, Case No. 23-cv-04231, 2025 WL 1069893, at *3 (N.D. Cal. Apr. 9, 2025).

### A. Claim II for Correction of Inventorship and Ownership Is Not Adequately Pled.

The Court should dismiss Claim II of the FAC because Kflow fails to adequately plead both misjoinder (*i.e.*, that the named inventors *did not* conceive the invention) and nonjoinder (*i.e.*, that Mr. Lee and Ms. Yen *did* conceive the invention), which are the predicates for its claimed ownership of the '941 patent.

---

[2] Ideal Living's motion relies exclusively on the FAC and the '941 patent, which was attached as Exhibit A to the FAC. *See* Dkt. Nos. 17 and 17-1.

### 1. <u>Kflow Has Not Adequately Pled Misjoinder</u>.

Misjoinder requires a plaintiff to allege that "the named inventor(s) on the patent did not conceive the invention." *FibroGen, Inc.*, 2024 WL 1199018, at *3. "The inventors as named in an issued patent are presumed to be correct," and a plaintiff bears a heavy burden to overcome this presumption. *Eli Lilly & Co. v. Aradigm Corp.*, 376 F.3d 1352, 1358 (Fed. Cir. 2004). Accordingly, a plaintiff "must allege facts that, if true, would overcome the presumption that the inventors named on the [patent] contributed to the conception of the inventions claimed in the [patent]." *Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*, Case No. 20-cv-2644, 2022 WL 204923, at *9 (D. Minn. Jan. 24, 2022) (citation omitted).

The FAC never alleges that either named inventor, Messrs. Spiegel and Pedersen, did not conceive of the inventions claimed in the '941 patent. *See generally* FAC ¶¶ 23–29, 40–50. The failure to make this allegation is dispositive. *See, e.g.*, *FibroGen, Inc.*, 2024 WL 1199018, at *3 (conclusory allegations that named inventor did not contribute to conception inadequate to plausibly plead claim for misjoinder (citation omitted)); *Iceotope Grp. Ltd.*, 2022 WL 204923, at *4 (allegations that the inventions were "actually invented by [plaintiffs], not by [defendants]" and that defendants had knowledge of plaintiff's invention and technology were "insufficient to plausibly allege that the named inventors, who are presumptively correct, did not contribute to conceiving the inventions claimed in the [patents].").

The FAC's actual allegations do not salvage the misjoinder claim. The allegations regarding misjoinder amount to: (1) the named inventors allegedly had "access" to prototypes and documents from Kflow Xiamen (FAC ¶ 43); (2) Ideal Living's alleged "knowledge" of Kflow's technology (*id.* ¶ 45); and (3) the allegation that, "[t]o the extent the ['941 patent] names inventors who did not conceive the claimed subject matter, the inventorship of the ['941 patent] is incorrect and requires correction pursuant to 35 U.S.C. § 256" (*id.* ¶ 46).

As explained in *Iceotope* and *FibroGen*, however, allegations about Messrs. Spiegel and Pedersen's "access" and "knowledge" do not plausibly plead a claim for misjoinder because "mere knowledge about [the plaintiff's] technology does not plausibly demonstrate that [the named inventors] did not contribute to conceiving the inventions claimed in the [disputed] patents." *See Iceotope Grp. Ltd.*, 2022 WL 204923, at *5; *see also FibroGen, Inc.*, 2024 WL 1199018, at *3–4 (allegations that the named inventor did not invent the relevant compounds while working at FibroGen, was not involved in studies using the relevant compounds, had access to FibroGen's compound library, and filed a patent application three years after leaving FibroGen, which claimed the relevant compounds, were insufficient to plausibly plead that the named inventor did not contribute to the inventions claimed in the patents). Accordingly, these allegations fall short of plausibly pleading that the named inventors "contributed nothing to conceiving the inventions claimed" in any of the fourteen claims of the '941 patent. *See Iceotope Grp. Ltd.*, 2022 WL 204923, at *4; *see also FibroGen, Inc.*, 2024 WL 1199018, at *3.

The final allegation—"*[t]o the extent* the ['941 patent] names inventors who did not conceive the claimed subject matter, the inventorship of the ['941 patent] is incorrect and requires correction pursuant to 35 U.S.C. § 256"—is also inadequate. *See* FAC ¶ 46. Because this allegation does not actually assert that the named inventors did not contribute to the conception of the inventions claimed in the '941 patent, it is a conclusory, conditional allegation that is insufficient to plausibly plead a claim for misjoinder. *See Iceotope Grp. Ltd.*, 2022 WL 204923, at *4; *FibroGen, Inc.*, 2024 WL 1199018, at *4; *see also McEachin v. CommuniCare Health Found.*, Case No. 24-cv-1108, 2025 WL 2091952, at *6 (W.D. Tex. July 3, 2025), *report and recommendation adopted*, Case No. 24-cv-1108, 2025 WL 2087770 (W.D. Tex. July 24, 2025) (rejecting a "to the extent" allegation as a "conditional allegation" that was "quintessentially speculative and cannot suffice to nudge a claim across the line from

conceivable to plausible." (citation omitted)). Accordingly, the FAC's misjoinder claim should be dismissed.

### 2. Kflow Has Not Adequately Pled Nonjoinder.

To plead a nonjoinder claim, a plaintiff must allege facts from which a court can infer that (1) the allegedly omitted inventor "made a more-than-insignificant contribution to the conception of at least one claim of the patent"; and (2) "there was some element of joint behavior, such as 'collaboration or working under common direction.'" *CelLink Corp.*, 2025 WL 1069893, at *3. The FAC fails to plausibly plead either element.

***First, joint behavior.*** The FAC never alleges that the alleged omitted inventors, Mr. Lee and Ms. Yen, ever communicated with the named inventors of the '941 patent. *See generally* FAC ¶¶ 23–29, 40–50. Nor does the FAC allege that the named inventors used the materials provided by Kflow Xiamen to Ideal Living's agent. *See* FAC ¶ 43 ("Upon information and belief, the current named inventors Peter G. Spiegel and Michael A. Pedersen had access to the prototypes and documents delivered by Kflow Xiamen to Defendants' agent."). The FAC's failure to plead such allegations is fatal to the nonjoinder claim. *See CelLink Corp*, 2025 WL 1069893, at *3 ("Even accepting as true that CelLink shared 'confidential and trade secret information with Tesla,' the Court cannot draw the reasonable inference that Mr. Lane worked with the CelLink Inventors in some capacity or used the CelLink Inventor[s'] materials."); *FibroGen, Inc.*, 2024 WL 1199018, at *5 (dismissing nonjoinder claim where the complaint asserted only that alleged joint inventor provided "assistance" and "confidential information" to the named inventor, but failed to include any factual allegations showing that any meetings, emails, or phone calls were ever exchanged between alleged joint inventor and the named inventor, or that the named inventor used the information). The existence of the business relationship, FAC ¶¶ 23, 45, is also insufficient to plausibly plead joint behavior. *See Pro Marketing Sales, Inc. v. Secturion Sys., Inc.*, Case No. 1:19-cv-00113, 2020 WL 5912351, at *5 (D. Utah

Oct. 6, 2020) ("A prior business relationship during the relevant time period, however, does not provide the specificity necessary to support a plausible Section 256 claim" for nonjoinder.).

The FAC's allegations regarding the materials Kflow Xiamen allegedly provided to Ideal Living's Chinese agent, moreover, are deficient for another independent reason. *See* FAC ¶ 43 ("The inventors at Kflow Xiamen who conceived and developed the underlying technologies claimed in the ['941 patent] are Mr. Lih Ching Lee and Ms. Lin Yen. At the request of Defendants' agent in China, Kflow Xiamen delivered four completed prototypes, along with the design and technical documents . . . ."); *see also id.* ¶ 45. Specifically, the FAC fails to connect the "technologies claimed in the ['941 patent]" and allegedly conceived of by Mr. Lee and Ms. Yen to the "four completed prototypes, [and] the design and technical documents" provided to Ideal Living's Chinese agent. *See* FAC ¶ 43. Absent an allegation that these materials contained the technologies claimed in the '941 patent, this allegation cannot plausibly plead joint behavior sufficient for a nonjoinder claim. *See FibroGen, Inc.*, 2024 WL 1199018, at *5 ("[B]road allegations about [alleged joint inventor's] general awareness" of compounds and "access to the large database" of compounds insufficient to plausibly plead joint behavior because these allegations do not allow an inference of knowledge of the relevant four compounds).

***Next, contribution.*** To adequately plead a nonjoinder claim, a plaintiff must allege facts from which a court could infer that the allegedly omitted inventor "made a more-than-insignificant contribution to the conception of at least one claim of the patent . . . ." *CelLink Corp.*, 2025 WL 1069893, at *3. With respect to contribution, the FAC alleges that (1) Kflow Xiamen "conceived, designed, and developed the underlying technologies embodied in the ['941 patent] from late 2012 to early 2013, including but not limited to the technologies relating to the water filter system disclosed and claimed therein" (FAC ¶ 42); and (2) "[t]he inventors at Kflow Xiamen who conceived and developed the underlying technologies claimed in the ['941 patent]

are Mr. Lih Ching Lee and Ms. Lin Yen." (*id.* ¶ 43). These allegations are deficient for two reasons.

*First*, these allegations are conclusory and mirror allegations courts have concluded are insufficient to plausibly plead a claim for nonjoinder. For example, in *Iceotope*, the court dismissed a nonjoinder claim where the complaint alleged that purported joint inventors conceived of the inventions claimed in the patents, finding that "[t]his conclusory allegation, without more, is insufficient to plausibly allege conception." *Iceotope Grp. Ltd.*, 2022 WL 204923, at *3, *6. Similarly, in *CelLink*, the court dismissed nonjoinder claims where the complaint alleged that the patents "claim[ ] ideas conceived by [the alleged joint inventors] . . . ." *CelLink Corp.*, 2025 WL 1069893, at *2–3. The FAC's nonjoinder claim should, therefore, be dismissed. *See Iceotope Grp. Ltd.*, 2022 WL 204923, at *3, *6; *CelLink Corp.*, 2025 WL 1069893, at *2–3; *see also Opternative, Inc. v. JAND, Inc.*, Case No. 17-cv-6936, 2018 WL 3747171, at *9 (S.D.N.Y. Aug. 7, 2018) (dismissing nonjoinder and misjoinder claims where complaint pled that the alleged joint inventor "conceived of the invention of the [relevant patent]" because the allegation was "conclusory" and vague).

*Second*, the FAC must allege facts from which the Court can infer that Mr. Lee and Ms. Yen "made a ***more-than-insignificant*** contribution to the conception of ***at least one claim of the patent*** . . . ." *See CelLink Corp.*, 2025 WL 1069893, at *3 (emphases added). Here, however, the FAC never alleges that Mr. Lee and Ms. Yen's purported contributions were more-than-insignificant. Moreover, Kflow does not even attempt to map its allegations concerning conception to any specific claim of the '941 patent. The '941 patent contains fourteen claims. FAC ¶ 22; Ex. A to FAC (Dkt. No. 17-1). Nowhere does the FAC identify any specific claim or claim limitation to which Mr. Lee and Ms. Yen allegedly contributed to the conception. Allegations that fail to link the purported inventors' contributions with the claimed subject matter are inadequate. *CelLink Corp.*, 2025 WL 1069893, at *2–3 (allegations that did "not identify a single claim or claim limitation to which the [purported joint inventors]

allegedly contributed and instead parrot[ed] the elements of a correction of inventorship claim" were inadequate); *Iceotope Grp. Ltd.*, 2022 WL 204923, at *3–4 (allegations that did "not specify what individual contributions [the alleged joint inventors] made to [the] inventions, let alone how those contributions correlate to the inventions claimed in the [relevant] [p]atents" were inadequate); *see also Eastman v. Apple, Inc.*, Case No. 18-cv-05929, 2019 WL 1559015, at *3–4 (N.D. Cal. Apr. 10, 2019) (granting motion to dismiss where the plaintiff simply "copie[d] the claim language of numerous claims into his complaint but identifie[d] no relationship between his [own disclosures] and the claims themselves"). Accordingly, the FAC's nonjoinder claim should be dismissed.

**3. <u>Kflow's Claim of Ownership Is Based on Its Inventorship Claim and Fails for the Same Reasons</u>.**

Kflow's claim that it is the "rightful owner, or at minimum an equitable owner," of all rights, title, and interest in the '941 patent, FAC ¶ 47, is premised on Kflow's claim that Mr. Lee and Ms. Yen are inventors of the '941 patent. *See id.* ¶¶ 41–50. Those inventorship claims are deficient for the reasons described above in Section IV.A.1–2. Thus, the Court should dismiss the entirety of the FAC's Claim II. *See Ecojet, Inc. v. Pure Spa Components, Inc.*, Case No. 16-cv-0146, 2017 WL 3485780, at *1–4 (C.D. Cal. Feb. 10, 2017) (dismissing counterclaim for correction of inventorship and declaratory judgment of joint ownership because the complaint's allegations were insufficient to plausibly plead a claim for correction of inventorship under § 256, which was the predicate for the ownership claim).

**B. Kflow Lacks Standing to Bring Claim II.**

To have "standing to pursue a section 256 claim, a plaintiff must have an actual, concrete interest in the challenged patent." *Blackhawk Network Inc.*, 589 F. Supp. 3d at 1128. "Absent such an interest, any alleged error in the patent's stated inventorship inflicts merely abstract, hypothetical injury." *Id.* Such a hypothetical injury "is

insufficient to invoke federal jurisdiction under Article III.” *Id.* Because Kflow has such a hypothetical injury, it lacks standing to pursue Claim II.

The FAC contains no allegation that Mr. Lee and Ms. Yen assigned or were obligated to assign their purported invention to Kflow or its predecessor-in-interest, Kflow Xiamen. Rather, the FAC alleges that “Plaintiff Kflow (HK) Limited was formed in 2016 and acquired full ownership of Kflow Xiamen, including ownership rights in the technologies it developed throughout the years.” FAC ¶ 25; *see also id.* ¶ 44 (“Plaintiff is the successor-in-interest to Kflow Xiamen, and holds all rights, title, and interest in the intellectual property arising from its development activities, including rights transferred through acquisition.”). But these allegations concern the transfer of rights from Kflow Xiamen to Kflow and say nothing about whether Kflow Xiamen had obtained the rights to the purported invention from either Mr. Lee or Ms. Yen. Absent any allegation that Mr. Lee and Ms. Yen assigned or were obligated to assign their rights to the purported invention to Kflow Xiamen, it possessed no rights to the purported invention to subsequently assign to Kflow. Accordingly, Kflow lacks standing to pursue Claim II of the FAC, and the Court should dismiss the claim. *See Blackhawk Network Inc.*, 589 F. Supp. 3d at 1128.

## V. CONCLUSION

For the foregoing reasons, Ideal Living respectfully requests that the Court dismiss Claim II of the FAC under Rule 12(b)(6) for failing to plead correction of inventorship and ownership, and under Rule 12(b)(1) for lack of standing.

DATED: July 27, 2026

By: */s/Benjamin Herbert*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive, Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Aqua Tru, LLC and Ideal Living, LLC, certifies that this brief contains 4,353 words, which complies with the word limit of L.R. 11-6.1.

DATED: July 27, 2026

By: */s/Benjamin Herbert*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive, Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*