Damian D. Capozzola (State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

Stevenson Moore (*pro hac vice*)
Smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4604
Facsimile: (972) 314-0900

*Counsel for Plaintiff*

IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| Kflow (HK) Limited,<br><br>*Plaintiff*,<br>v.<br><br>Aqua Tru, LLC and Ideal Living, LLC<br><br>*Defendants*. | No. 2:26-cv-06172-FMO-KS<br><br>**OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO DISMISS**<br><br>Date: August 27, 2026<br>Time: 10:00 a.m.<br>Judge: Fernando M. Olguin<br>Courtroom: 6D |

## TABLE OF CONTENTS


I. INTRODUCTION .......... 1

II. RELEVANT ALLEGATIONS OF THE FAC .......... 1

III. ARGUMENTS AND AUTHORITIES .......... 4

a. Rule 12(b)(6) .......... 4

b. The Court must disregard the extrinsic material Defendants inject into their Statement of Facts .......... 5

c. Legal Standard for Correction of Inventorship Under 35 U.S.C. § 256. .......... 6

d. The FAC Plausibly Pleads Complete Substitution .......... 7

i. The FAC Plausibly Alleges that Mr. Lee and Ms. Yen Conceived the Claimed Invention. .......... 8

ii. The FAC Plausibly Alleges that Messrs. Spiegel and Pedersen Did Not Contribute. .......... 9

e. In the alternative, the FAC plausibly pleads joint inventorship .......... 12

i. Mr. Lee and Ms. Yen made a more-than-insignificant contribution to at least one claim. .......... 12

ii. The FAC alleges joint behavior .......... 14

f. The ownership claim survives because the inventorship claim survives .......... 15

g. Plaintiff Has Standing to Assert Claim II .......... 16

h. In the Alternative, Leave to Amended Should be Granted .......... 16

# TABLE OF AUTHORITIES

**Cases**

*Acromed Corp. v. Sofamor Danek Grp., Inc.*,
253 F.3d 1371 (Fed. Cir. 2001) ....................7

*Ashcroft v. Iqbal*,
556 U.S. 662 (2009)....................4

*Bell Atl. Corp. v. Twombly*,
550 U.S. 544 (2007)....................4, 5

*Betak v. Miftakhov*,
2019 LX 72854 (N.D. Cal. Oct. 31, 2019) ....................15

*CelLink Corp. v. Manaflex LLC*,
2025 LX 235642 (N.D. Cal. July 17, 2025) .................... 14, 15, 16

*CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*,
916 F.3d 1350 (Fed. Cir. 2019) .................... passim

*Ethicon, Inc. v. U.S. Surgical Corp.*,
135 F.3d 1456 (Fed. Cir. 1998) ....................8, 14

*Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*,
2024 U.S. Dist. LEXIS 49721 (N.D. Cal. Mar. 20, 2024) ....................8, 12

*Fina Oil & Chem. Co. v. Ewen*,
123 F.3d 1466 (Fed. Cir. 1997) ....................7

*Imprenta Servs., Inc. v. Karll*,
2021 U.S. Dist. LEXIS 195359 (C.D. Cal. July 13, 2021).................... 7, 10, 11

*Manzarek v. St. Paul Fire & Marine Ins. Co.*,
519 F.3d 1025 (9th Cir. 2008) ....................5

*Mendiondo v. Centinela Hosp. Med. Ctr.*,
521 F.3d 1097 (9th Cir. 2008) ....................4

*Pro Mktg. Sales, Inc. v. Secturion Sys.*,
2020 U.S. Dist. LEXIS 185634 (D. Utah Oct. 6, 2020)....................16

*Regents of Univ. of California v. Chen*,
2017 U.S. Dist. LEXIS 117194 (N.D. Cal. July 26, 2017) ....................15

*Soo Park v. Thompson*,
851 F.3d 910 (9th Cir. 2017) ........................................................................16

*Stark v. Advanced Magnetics, Inc.*,
119 F.3d 1551 (Fed. Cir. 1997) ........................................................................7

*Theranos, Inc. v. Fuisz Pharma LLC*,
2013 LX 96778 (N.D. Cal. Sep. 12, 2013) ...................................................8, 15

**Statutes**

35 U.S.C. § 256 ........................................................................................6

**Rules**

Fed. R. Civ. P. 12 ....................................................................................5, 6

Fed. R. Civ. P. 8 ........................................................................................4

Plaintiff Kflow (HK) Limited ("Plaintiff") files this Response in Opposition to Defendants Aqua Tru, LLC and Ideal Living, LLC's Partial Motion to Dismiss (Dkt. No. 18).

## I. INTRODUCTION

Plaintiff's Original Complaint (Dkt. No. 1) asserted two claims against Defendants: a claim for declaratory judgment of non-infringement of United States Patent No. 10,532,941 (the "Patent-in-Suit") (Claim I), and a claim for declaratory judgment of ownership and inventorship of the Patent-in-Suit (Claim II). Dkt. No. 1. On July 13, 2026, Plaintiff filed its First Amended Complaint (Dkt. No. 17) (the "FAC"), which is the operative pleading and which attaches the Patent-in-Suit as Exhibit A. Dkt. No. 17-1. The FAC asserts the same two claims. Defendants move to dismiss Claim II only, pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Claim I is unchallenged, and this action proceeds regardless of how the Motion is resolved.

## II. RELEVANT ALLEGATIONS OF THE FAC

Defendants are the assignees of the Patent-in-Suit which is entitled "Systems and Methods for Water Filtration" and "comprises fourteen claims, all directed to a water filtration system." FAC ¶¶ 19, 22. It was filed on August 17, 2016, and issued on January 14, 2020, and it claims priority to Application No. 14/168,342, filed January 30, 2014, which issued as United States Patent No. 9,517,958. FAC ¶¶ 20–21.

The FAC sets forth independent claim 14 of the Patent-in-Suit in full. FAC ¶ 19. Defendants themselves identified claim 14 as infringed in the Amazon complaint that gave rise to this action. FAC ¶ 28.

Kflow Environmental Technology Co. Ltd. ("Kflow Xiamen") of Xiamen, China "provided design and technical information to Defendants through their agent/affiliate in China in connection with the parties' business relationship." FAC ¶ 23. From late 2012 to early 2013, Kflow Xiamen developed the technologies embodied in the Patent-in-Suit, "including but not limited to the technologies relating to the water filter system disclosed and claimed therein." FAC ¶ 42. "The inventors at Kflow Xiamen who conceived and developed those technologies are Mr. Lih Ching Lee and Ms. Lin Yen." FAC ¶ 43.

"At the request of Defendants' agent in China, Kflow Xiamen delivered to that agent four completed prototypes, along with the design and technical documents, in exchange for Defendants' promise to purchase products practicing the design." *Id*. Defendants breached that promise and "did not return the prototypes or the documents." *Id*. Upon information and belief, the named inventors of the Patent-in-Suit, Peter G. Spiegel and Michael A. Pedersen, "had access to the delivered prototypes and documents." *Id*. "Defendants obtained knowledge of Plaintiff's technology during the parties' business relationship and thereafter filed, or caused

to be filed, the application for the Patent-in-Suit without authorization, consent, or assignment from Plaintiff." FAC ¶ 45.

The relevant events preceded the earliest priority date of the Patent-in-Suit. Kflow Xiamen conceived the underlying technologies from late 2012 to early 2013, FAC ¶ 42, and filed Chinese Patent Application No. CN 103553228 on November 6, 2013, FAC ¶ 24. Kflow Xiamen provided its design and technical information to Defendants "[p]rior to the filing of the Patent-in-suit and its alleged priority application." FAC ¶ 23. Defendants filed that priority application on January 30, 2014 — less than three months later. FAC ¶¶ 21, 24.

"Plaintiff Kflow (HK) Limited was formed in 2016 and acquired full ownership of Kflow Xiamen, including ownership rights in the technologies Kflow Xiamen developed". FAC ¶ 25. Plaintiff is the "successor-in-interest to Kflow Xiamen" "and holds all rights, title, and interest in the intellectual property arising from Kflow Xiamen's development activities, including rights transferred through acquisition." FAC ¶ 44. "Plaintiff is the rightful owner, or at minimum an equitable owner, of all rights, title, and interest in the Patent-in-Suit and the inventions claimed therein." FAC ¶ 47.

## III. ARGUMENTS AND AUTHORITIES

### a. Rule 12(b)(6)

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Dismissal under Rule 12(b)(6) is appropriate "only where the complaint lacks a cognizable legal theory or sufficient facts to support a cognizable legal theory." *Mendiondo v. Centinela Hosp. Med. Ctr.*, 521 F.3d 1097, 1104 (9th Cir. 2008). In other words, a pleading need set forth "only enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007). "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663, 129 S. Ct. 1937, 1940 (2009) (*citing Twombly*, 550 U.S. at 556).

Plausibility "is not akin to a 'probability requirement.'" *Id*. (quoting *Twombly*, 550 U.S. at 556). A plaintiff need only "nudge[] [its] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 548; *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1360 (Fed. Cir. 2019) (applying that standard to correction-of-inventorship claims). In assessing plausibility, the Court must "accept factual allegations in the complaint as true and construe the pleadings

in the light most favorable to the nonmoving party." *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).

"Assessment of the facial sufficiency of the complaint must ordinarily be undertaken without resort to matters outside the pleadings." *CODA*, 916 F.3d at 1360 (citation omitted). If a court does consider such material, the motion "must be treated as a motion for summary judgment under Rule 56 and all parties must be given a reasonable opportunity to present all material pertinent to the motion." *Id.*; *see* Fed. R. Civ. P. 12(d).

**b. The Court must disregard the extrinsic material Defendants inject into their Statement of Facts**

As an initial matter, Defendants make numerous allegations in support of their Motion that are not found within the pleadings and should be disregarded as such. For example, Defendants' Statement of Facts asserts that Messrs. Spiegel and Pedersen conceived the claimed subject matter "by March 2008," that the parties' relationship did not begin until "Q3 of 2009," and that a non-disclosure agreement required Kflow Xiamen to assign its intellectual property rights and not to file patent applications. Memo. at 2-3 (Dkt. No. 18-1). None of this appears in the FAC.

These allegations are not harmless fluff included for flavor, they instead go to the heart of the dispute and directly contradict the allegations in the FAC, such as claiming that Messrs. Speigel and Pederson conceived of the inventions in 2008. As

such, the Court should disregard these assertions in resolving the Motion. Alternatively, if the Court elects to consider them, or if Defendants submit evidentiary material with their reply, conversion under Rule 12(d) is required and Plaintiff requests an opportunity to take discovery and respond.

**c. Legal Standard for Correction of Inventorship Under 35 U.S.C. § 256.**

Title 35 of the United States Code, Section 256 "provides a cause of action to interested parties to have the inventorship of a patent changed to reflect the true inventors of the subject matter claimed in the patent." *CODA*, 916 F.3d at 1358 (*quoting Fina Oil & Chem. Co. v. Ewen*, 123 F.3d 1466, 1471 (Fed. Cir. 1997)). It addresses two distinct errors: "[m]isjoinder is the error of naming a person as an inventor who is not an inventor; nonjoinder is the error of omitting an inventor." *Id.* (*citing Stark v. Advanced Magnetics, Inc.*, 119 F.3d 1551, 1553 (Fed. Cir. 1997)). Asserted together, they permit "complete substitution of inventors." *Id.* (quoting *Stark*, 119 F.3d at 1556). "Conception is the touchstone of inventorship." *Id.* (*quoting Acromed Corp. v. Sofamor Danek Grp., Inc.*, 253 F.3d 1371, 1379 (Fed. Cir. 2001)).

The two theories are governed by different standards, and courts in this District analyze them separately. *See Imprenta Servs., Inc. v. Karll*, No. 2:20-cv-06177-GW-PVCx, 2021 U.S. Dist. LEXIS 195359, at *14–19 (C.D. Cal. July 13,

2021). To state a claim for complete substitution, "a plaintiff need only allege facts that 'allow a reasonable inference' that plaintiff, and not defendant, 'conceived the invention.'" *Id*. at *15 (*quoting CODA*, 916 F.3d at 1359). Conversely, to state a claim for joint inventorship, a plaintiff must allege facts from which a court can infer (1) that the omitted inventor "made a more-than-insignificant contribution to the conception of at least one claim of the patent," and (2) that "there was some element of joint behavior, such as collaboration or working under common direction." *Fibrogen, Inc. v. Hangzhou Andao Pharm. Ltd.*, No. 22-cv-07148-AMO, 2024 U.S. Dist. LEXIS 49721, at *11 (N.D. Cal. Mar. 20, 2024). A putative inventor "need not 'make the same type or amount of contribution' to the invention nor contribute to every claim — a contribution to one claim is enough." *CODA*, 916 F.3d at 1358 (*quoting Ethicon, Inc. v. U.S. Surgical Corp.*, 135 F.3d 1456, 1460 (Fed. Cir. 1998)). The collaboration element "is not demanding and requires only an element of joint behavior." *Theranos, Inc. v. Fuisz Pharma LLC*, No. 5:11-cv-05236-PSG, 2013 LX 96778, at *11 (N.D. Cal. Sep. 12, 2013).

A plaintiff need not plead facts satisfying the clear-and-convincing standard that governs proof of inventorship at trial. *Fibrogen*, 2024 U.S. Dist. LEXIS 49721, at *8 n.2.

**d. The FAC Plausibly Pleads Complete Substitution**

Claim II pleads two theories. Paragraph 49 seeks a declaration that Mr. Lee and Ms. Yen are the correct inventors of the Patent-in-Suit, *i.e.*, complete substitution. FAC at ¶ 49. Paragraph 50 pleads, in the alternative, that they are co-inventors holding an undivided interest, *i.e.*, joint inventorship. *Id.* at ¶ 50. Defendants have failed to show that either claim is inadequately pled.

*i. The FAC Plausibly Alleges that Mr. Lee and Ms. Yen Conceived the Claimed Invention.*

The FAC alleges that Kflow Xiamen "conceived, designed, and developed the underlying technologies embodied in the [Patent-in-Suit] from late 2012 to early 2013, including but not limited to the technologies relating to the water filter system disclosed and claimed therein". FAC ¶ 42. It further identifies Mr. Lee and Ms. Yen as "[t]he inventors at Kflow Xiamen who conceived and developed" those technologies. FAC ¶ 43. It further alleges that their conception took tangible form in four completed prototypes, accompanied by the design and technical documents describing them. *Id*.

Defendants incorrectly claim that the FAC identifies no particular claim or limitation. Memo. at 11. The FAC identifies claim 14; sets that claim out in full; alleges that all fourteen claims of the Patent-in-Suit are "directed to a water filtration system"; and alleges that Defendants themselves identified claim 14 as the claim placed at issue by their Amazon complaint. FAC at ¶¶ 19, 22, and 28. Construed in

the light most favorable to Plaintiff, the FAC alleges that Mr. Lee and Ms. Yen conceived the water filtration system that claim 14 recites.

*Imprenta* sustained a complete-substitution claim on materially similar allegations. There, the plaintiffs alleged that they "'conceived of the inventions and had a definite and permanent conception of the complete and operative invention claimed in the ['375] Patent,'" supported by allegations that they had sent the defendant design documents and "production level samples". 2021 U.S. Dist. LEXIS 195359, at *16. The defendants argued that the plaintiffs failed to "allege that [the inventor] conceived of each and every limitation of the claims." *Id*. at *15. The court rejected this argument, find that the pleaded facts made it plausible that the defendant "was given the opportunity to study Plaintiffs' design and use it as the basis of invention." *Id*. at *16–17. The same should hold true here.

*ii. The FAC Plausibly Alleges that Messrs. Spiegel and Pedersen Did Not Contribute.*

Defendants' principal argument is that the FAC "never alleges that either named inventor, Messrs. Spiegel and Pedersen, did not conceive of the inventions claimed in the ['941] patent," and that this omission is "dispositive." Memo. at 7. This is both inaccurate and mistakes that controlling standard.

First, the FAC identifies Mr. Lee and Ms. Yen as "[t]he inventors at Kflow Xiamen who conceived and developed the underlying technologies claimed in the

[Patent-in-Suit]" and asks the Court to declare them "the correct inventors". FAC at ¶¶ 43 and 49. Defendants' argument ignores this key fact and attempts to turn the logic on its head. The logic here is simple, *i.e.*, if Mr. Lee and Ms. Yen are the correct inventors then Messrs. Spiegel and Pedersen are not. This is only further supported by the FAC which, again, alleges that "inventors at Kflow" "conceived and developed" the "technologies", that "four completed prototypes" and "design and technical documents" were delivered to Defendants agent, and that those "technologies" are "embodied in the Patent-in-Suit" including the "water filter system" of claim 14. *Id.* at ¶¶ 42-43. As such, the FAC sufficiently pleads that Defendants received the completed prototype which embodies the technologies claim in the Patent-in-Suit and conversely, without any contributions from either Messrs. Spiegel or Pedersen, and Defendants argument is based upon nothing more than an attempt to twist the verbiage to suit their needs.

In any event, no particular form of words is required. A plaintiff "need only allege facts that 'allow a reasonable inference' that plaintiff, and not defendant, 'conceived the invention.'" *Imprenta*, 2021 U.S. Dist. LEXIS 195359, at *15 (*quoting CODA*, 916 F.3d at 1359). *CODA* further illustrates the point. In *CODA*, the Federal Circuit held that even where the complaint there contained no direct allegation that the named inventors failed to conceive, it nonetheless held that the pleaded circumstances, *i.e.*, the defendant's prior failures with the technology, its

eagerness to meet, its unauthorized photography of the plaintiff's functional prototype, and the timing of its withdrawal and patent filing, "allow the reasonable inference that Mr. Hrabal conceived the invention of the '586 patent and that Messrs. Benedict and Losey did not." 916 F.3d at 1359.

The same holds true here. Defendants' agent requested Kflow Xiamen's prototypes. FAC ¶ 43. Kflow Xiamen delivered four completed prototypes together with the design and technical documents. *Id*. Defendants never returned them. *Id*. The named inventors had access to them. *Id*. Defendants thereafter filed the application for the Patent-in-Suit "without authorization, consent, or assignment." FAC ¶ 45. The facts are nearly identical to *CODA* where the defendant photographed a prototype it had been permitted to examine; Defendants took possession of four prototypes and the accompanying technical documentation and kept them. *CODA*, 916 F.3d at 1359.

Defendants' authorities do not reach these facts. In *FibroGen*, the plaintiff alleged only that the named inventor had access to a library of thousands of compounds, with no allegation that he ever accessed it and no allegation of "any meetings, emails, or phone calls." 2024 U.S. Dist. LEXIS 49721, at *15. In *Iceotope*, the plaintiff alleged generically that the inventions were "actually invented by [plaintiffs], not by [defendants]" and that the defendants knew of its technology.

2022 U.S. Dist. LEXIS 12426, at *11. Neither involved a defendant that requested, received, and retained the plaintiff's completed prototypes and technical documents.

Finally, paragraph 46 does not carry the weight Defendants place on it. Memo. at 8. That paragraph states the legal conclusion following from paragraphs 42, 43, and 49; it is not the operative allegation of non-conception. As such, the Court should deny Defendants' Motion, finding that the FAC more than adequately alleges that the named inventors failed to contribute to Patent-in-Suit.

**e. In the alternative, the FAC plausibly pleads joint inventorship**

Paragraph 50 pleads, in the alternative, that "Mr. Lih Ching Lee and Ms. Lin Yen are co-inventors of the Patent-in-suit and hold undivided interest in the Patent-in-suit." FAC at ¶ 50. That theory requires no showing that the named inventors contributed nothing. It requires only a more-than-insignificant contribution to the conception of at least one claim, and some element of joint behavior. *FibroGen*, 2024 U.S. Dist. LEXIS 49721, at *11.

*i. Mr. Lee and Ms. Yen made a more-than-insignificant contribution to at least one claim.*

A putative inventor "need not 'make the same type or amount of contribution' to the invention nor contribute to every claim — a contribution to one claim is enough." *CODA*, 916 F.3d at 1358 (*quoting Ethicon*, 135 F.3d at 1460).

The FAC alleges that Mr. Lee and Ms. Yen conceived the water filtration system itself, not some peripheral feature of it. FAC ¶¶ 42–43. It alleges that their conception was embodied in four completed prototypes, accompanied by the design and technical documents describing them. FAC ¶ 43. These allegations are more than sufficient to show contribution.

Defendants complain that the FAC does not map that conception onto a particular claim. Memo. at 11–12. This misstates the facts. Again, the FAC alleges that Mr. Lee and Ms. Yen conceived "the technologies relating to the water filter system disclosed and claimed therein," that all fourteen claims of the Patent-in-Suit are "directed to a water filtration system," and it sets out claim 14 in full. FAC at ¶¶ 19, 22, 28, and 42. More is not required at the pleading stage. In *CelLink*, the court sustained correction-of-inventorship claims even though the identified claims did not recite the specific features at issue, because the pleading explained how the contributions "'relate to specific systems [and methods] claimed in each of the . . . Patents.'" *CelLink Corp. v. Manaflex LLC*, No. 23-cv-04231-HSG, 2025 LX 235642, at *18 (N.D. Cal. July 17, 2025) (*quoting Regents of Univ. of California v. Chen*, No. 16-CV-07396-EMC, 2017 U.S. Dist. LEXIS 117194, 2017 WL 3215356, at *4 (N.D. Cal. July 26, 2017)). As another court in this circuit put it, "[o]n this record the Court cannot say as a matter of law that Plaintiff's alleged contributions

are not encompassed by the . . . Patent." *Betak v. Miftakhov*, No. 19-cv-02516-JSC, 2019 LX 72854, at *23 (N.D. Cal. Oct. 31, 2019).

*ii. The FAC alleges joint behavior*

The collaboration element is "not demanding and requires only an element of joint behavior." *Theranos*, 2013 LX 96778, at *11. It "has been satisfied by such tenuous collaborations as one inventor seeing the report of another and building upon it, or merely hearing an inventive suggestion at a meeting." *Id.*

Defendants' own authority resolves the question. Defendants rely on the April 9, 2025, order in *CelLink*, which dismissed correction-of-inventorship claims with leave to amend. Memo. at 6, 9–11. *CelLink* did amend, and on July 17, 2025, the same court denied a renewed motion to dismiss. *CelLink*, 2025 LX 235642. The allegation the court held sufficient was that the named inventor "either attended the May 9, 2016 meeting or gained access to the information disclosed at that meeting." *Id.* at *21. The Court should reject Defendants motion as nearly identical allegations are set forth in the FAC. *See* FAC ¶ 43.

The *CelLink* court also rejected the argument requiring "an 'open line of communication'" in "'temporal proximity' to . . . the alleged 'inventive efforts'". *Id.* at *9-20. The allegations here are stronger. Defendants' agent affirmatively requested Kflow Xiamen's prototypes. FAC ¶ 43. Kflow Xiamen delivered four

completed prototypes together with the design and technical documents. *Id*. Defendants kept them. *Id*. The named inventors had access to them. *Id*.

Defendants' remaining points fare no better. That the access allegation is made on information and belief is no obstacle, because what Defendants' own named inventors did with materials in Defendants' possession is "peculiarly within the possession and control of the defendants." *Soo Park v. Thompson*, 851 F.3d 910, 928 (9th Cir. 2017). And *Pro Marketing Sales* is inapposite: the plaintiff there alleged no more than "[a] prior business relationship during the relevant time period," while the FAC alleges a specific transaction in which Defendants requested, received, and retained the prototypes and technical documents embodying the claimed system. *Pro Mktg. Sales, Inc. v. Secturion Sys.*, No. 1:19-cv-00113, 2020 U.S. Dist. LEXIS 185634, at *12 (D. Utah Oct. 6, 2020).

As such, the FAC more than adequately alleges a claim for joint inventorship.

**f. The ownership claim survives because the inventorship claim survives**

Defendants' only argument against Plaintiff's ownership claim is that it "is entirely predicated on its inventorship claim" and "fails for the same reasons." Memo. at 12. Defendants are right that the two rise and fall together. However, as addressed above, they are wrong that the inventorship claim fails. Because the FAC plausibly pleads that Mr. Lee and Ms. Yen are the correct inventors of the Patent-in-

Suit, or at minimum its co-inventors, and that Plaintiff holds the rights arising from Kflow Xiamen's development activities, the ownership claim survives as well. FAC ¶¶ 25, 44, and 47.

**g. Plaintiff Has Standing to Assert Claim II**

Defendants contend that Kflow lacks a concrete interest in the Patent-in-Suit, but the FAC shows otherwise. First, it alleges that the inventions claimed in the Patent-in-Suit were "conceived, designed, and developed" by Kflow Xiamen, more specifically, by "Mr. Lih Ching Lee and Ms. Lin Yen" who were "inventors at Kflow Xiamen". *Id.* at ¶¶ 43-44. Furthermore, it alleges that the same or similar "filtration technology" was patented in "Chinese Patent No. CN 103553228". *Id.* at ¶ 24. The FAC alleges that Plaintiff "is the successor-in-interest to Kflow Xiamen, and holds all rights, title, and interest in the intellectual property arising from its development activities" and that Plaintiff "acquired full ownership of Kflow Xiamen, including ownership rights in the technologies it developed throughout the years." FAC at ¶¶ 25, 45. As such, the FAC more than adequately alleges standing.

**h. In the Alternative, Leave to Amended Should be Granted**

If the Court concludes that any aspect of Claim II is inadequately pled, Plaintiff respectfully requests leave to amend. Leave should be freely given and a district court "should grant leave to amend . . . unless it determines that the pleading

could not possibly be cured by the allegation of other facts." *Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court deny the Motion. In the alternative, if the Court concludes that any portion of Claim II is inadequately pled, Plaintiff requests leave to amend.

Dated: August 6, 2026

Respectfully submitted,

By: *<u>/s/Stevenson Moore</u>*
Stevenson Moore (*pro hac vice*)
Smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4604
Facsimile: (972) 314-0900

Local counsel:
Damian D. Capozzola (State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

*Counsel for Plaintiff*

## Certificate of Compliance

The undersigned, counsel of record for Plaintiff Kflow (HK) Limited, certifies that this brief contains 3,689 words, which complies with the word limit of L.R. 11-6.1.

*/s/ Stevenson Moore*
Stevenson Moore (*pro hac vice*)
Smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4604
Facsimile: (972) 314-0900

Local counsel:
Damian D. Capozzola (State Bar No. 186412) (substitution request pending)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112