Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES &
SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Kflow (HK) Limited,

Plaintiff,

v.

Aqua Tru, LLC and Ideal Living, LLC,

Defendants.

Case No. 2:26-cv-06172

**DEFENDANTS' REPLY MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT**

Date: August 27, 2026
Time: 10:00 a.m.
Judge: Fernando M. Olguin
Courtroom: 6D

# TABLE OF CONTENTS

I. INTRODUCTION ........................................................................................ 1

II. ARGUMENT .............................................................................................. 2

A. The FAC's Inventorship Claims Should be Dismissed Because Nonjoinder is Not Adequately Pled. ................................................... 2

1. The FAC Does Not Adequately Plead Joint Behavior .................. 3

2. The FAC Does Not Adequately Plead Contribution ..................... 6

B. The FAC Does Not Adequately Plead Misjoinder. ................................ 8

C. Kflow's Ownership Claim Fails. ........................................................ 11

D. Kflow Lacks Standing to Bring Claim II. ............................................ 11

III. CONCLUSION ......................................................................................... 12

# TABLE OF AUTHORITIES

**FEDERAL CASES** **PAGE(S)**

*Betak v. Miftakhov*
Case No. 19-cv-02516-JSC, 2019 WL 5684523 (N.D. Cal. Nov. 1, 2019) ........... 7

*Blackhawk Network Inc. v. SL Card Co. Inc.*
589 F. Supp. 3d 1115 (D. Ariz. 2022)........................................................ 12

*CelLink Corp. v. Manaflex LLC*
Case No. 23-cv-04231, 2025 WL 1069893 (N.D. Cal. Apr. 9, 2025)............3, 7, 8

*CelLink Corp. v. Manaflex LLC*
Case No. 23-cv-04231, 2025 WL 1993517 (N.D. Cal. July 17, 2025) ..........5, 7, 8

*CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*
916 F.3d 1350 (Fed. Cir. 2019)....................................................5, 9, 10

*Eastman v. Apple, Inc.*
Case No. 18-cv-05929, 2019 WL 1559015 (N.D. Cal. Apr. 10, 2019).................. 8

*Ecojet, Inc. v. Pure Spa Components, Inc.*
Case No. 16-cv-0146, 2017 WL 3485780 (C.D. Cal. Feb. 10, 2017) ................. 11

*FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*
Case No. 22-cv-7148, 2024 WL 1199018 (N.D. Cal. Mar. 20, 2024) ..........passim

*Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*
Case No. 20-cv-2644, 2022 WL 204923 (D. Minn. Jan. 24, 2022)..........6, 8, 9, 10

*Imprenta Servs., Inc. v. Karll*
Case No. 2:20-cv-6177, 2021 WL 4555333 (C.D. Cal. July 13, 2021) ...5, 8, 9, 11

*Opternative, Inc. v. JAND, Inc.*
Case No. 17-cv-6936, 2018 WL 3747171 (S.D.N.Y. Aug. 7, 2018)...................... 6

*Pro Marketing Sales, Inc. v. Secturion Sys., Inc.*
Case No. 1:19-cv-00113, 2020 WL 5912351 (D. Utah Oct. 6, 2020).................... 4

*Theranos, Inc. v. Fuisz Pharma LLC*
Case No. 5:11-cv-05236, 2013 WL 5051172 (N.D. Cal. Sept. 12, 2013).............. 5

**FEDERAL STATUTES, REGULATIONS, AND RULES**

35 U.S.C. § 256 .......... 11

Federal Rules of Civil Procedure
Rule 12(b)(1) .......... 12
Rule 12(b)(6) .......... 12

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES**

## I. INTRODUCTION

Plaintiff Kflow (HK) Limited's ("Kflow") Opposition to Defendants' Partial Motion to Dismiss (the "Opposition" or "Op.") confirms what Defendants Aqua Tru, LLC and Ideal Living, LLC's (together, "Ideal Living") Memorandum of Points and Authorities ("Motion") already demonstrated: the First Amended Complaint ("FAC") does not adequately plead either nonjoinder or misjoinder. Rather than identify factual allegations the Motion overlooked, Kflow largely rearranges the same allegations, invites inferences the FAC does not support, and asks the Court to treat Kflow's characterizations of the FAC as if those characterizations were pled. They were not, and nothing in the Opposition salvages Claim II.

***First***, with respect to nonjoinder, Kflow has not adequately pled joint behavior or contribution. The FAC never alleges that Mr. Lee and Ms. Yen communicated or worked with Messrs. Spiegel and Pedersen. Kflow's theory of joint behavior instead rests on the named inventors' purported access to materials Kflow provided. In support of that theory, the Opposition repeatedly asserts that the prototypes and documents provided to Ideal Living's Chinese agent "embodied" the technologies claimed in U.S. Patent No. 10,532,941 (the "'941 patent"). The FAC, however, contains no such allegation.

Kflow also has not adequately pled contribution because the FAC does not allege that Mr. Lee and Ms. Yen's purported contributions were more-than-insignificant and the FAC does not tie any alleged contribution to a specific claim or claim limitation of the '941 patent. As Kflow concedes, moreover, because complete substitution of inventors requires pleading both nonjoinder and misjoinder, Op. at 6, the FAC's failure to adequately plead nonjoinder is also fatal to Kflow's claim for complete substitution.

***Second***, turning to misjoinder, Kflow concedes that the FAC never alleges that Messrs. Spiegel and Pedersen did not conceive of the inventions claimed in the '941

patent. Op. at 9–10. Kflow asks the Court to infer that neither named inventor conceived of the invention claimed in the ’941 patent from the “logic” of the FAC, namely that if Mr. Lee and Ms. Yen are the “correct” inventors, the named inventors cannot be. Op. at 10. But, every authority Kflow cites to support its assertion that such an allegation is unnecessary, involves a complaint that expressly pled that the named inventors ***did not***, in fact, conceive of the invention. Courts have, moreover, dismissed misjoinder claims even where such allegations were expressly made. Kflow’s remaining allegations—access to prototypes, knowledge of Kflow’s technology, and Ideal Living’s failure to return materials—change nothing. Because Kflow concedes that its ownership claim and inventorship claims “rise and fall together,” Op. at 15, the ownership claim fails along with the inventorship claims.

***Finally***, because the FAC still does not allege that Mr. Lee or Ms. Yen ever assigned, or were obligated to assign, any rights to Kflow Xiamen, Kflow lacks a concrete interest in the ’941 patent sufficient to confer Article III standing.

For these reasons, and as explained further below, the Court should dismiss Claim II of the FAC in its entirety.

## II. ARGUMENT[1]

### A. The FAC’s Inventorship Claims Should be Dismissed Because Nonjoinder is Not Adequately Pled.

Kflow seeks both complete substitution of inventorship of the ’941 patent and, in the alternative, the addition of Mr. Lee and Ms. Yen as joint inventors, *i.e.*, nonjoinder. Op. at 8. Because the complete substitution of inventors requires making both claims of nonjoinder and misjoinder, *FibroGen, Inc. v. Hangzhou Andao Pharm. Ltd.*, Case No. 22-cv-7148, 2024 WL 1199018, at *3 (N.D. Cal. Mar. 20, 2024); Op.

[1] Ideal Living’s Motion makes clear that its arguments for dismissal rely “exclusively on the FAC and the ’941 patent, which was attached as Exhibit A to the FAC.” Motion at 6 n.2. In support of its arguments to dismiss, moreover, the Motion cites to no facts beyond the FAC and Exhibit A thereto. Given that, there is no support for Kflow’s assertion that Ideal Living “make[s] numerous allegations in support of their Motion that are not found within the pleadings . . . .” Op. at 5.

at 6, both theories of inventorship pled in Claim II must be dismissed if the FAC inadequately pleads nonjoinder. There is no dispute that to adequately plead nonjoinder, a plaintiff must allege facts from which a court can infer that (1) the allegedly omitted inventor "made a more-than-insignificant contribution to the conception of at least one claim of the patent" and (2) "there was some element of joint behavior, such as 'collaboration or working under common direction.'" *CelLink Corp. v. Manaflex LLC*, Case No. 23-cv-04231, 2025 WL 1069893, at *3 (N.D. Cal. Apr. 9, 2025) ("*CelLink I*"); *see also* Op. at 7. Neither element is adequately pled.

**1. The FAC Does Not Adequately Plead Joint Behavior**

Although the joint behavior requirement is not demanding, "a plaintiff must still allege that the individuals worked together in some capacity, ***or that an inventor used the other inventor's materials***." *FibroGen, Inc.*, 2024 WL 1199018, at *5 (emphasis added, citation omitted). There, the court dismissed the complaint's nonjoinder claim because there were no factual allegations that the named inventor "viewed or worked with [the allegedly omitted inventor's] inventions." *Id.* Thus, there was no joint behavior because the allegations about materials shared and meetings attended were not connected to the four compounds claimed in the patent. *Id.* The same is true here.

Rather than allege that Mr. Lee and Ms. Yen and Messrs. Spiegel and Pedersen worked or communicated with each other, the FAC alleges joint behavior based on Messrs. Spiegel and Pedersen's alleged access to materials: "Defendants' agent affirmatively requested Kflow Xiamen's prototypes. FAC ¶ 43. Kflow Xiamen delivered four completed prototypes together with the design and technical documents. *Id*. Defendants kept them. *Id*. The named inventors had access to them. *Id*." Op. at 14–15 (citing FAC ¶ 43); *see also id.* at 2. But, nothing in the FAC connects the four completed prototypes and the design and technical documents allegedly provided to Ideal Living's Chinese agent with any of the inventions claimed in the '941 patent. *See* FAC ¶ 43. Nor does the FAC connect the allegedly omitted inventors, Mr. Lee and Ms. Yen, to the four completed prototypes and the design and technical

documents. *See* FAC ¶ 43. There can be no joint behavior, however, unless the materials the named inventors, Messrs. Spiegel and Pedersen, allegedly had access to disclosed the technologies claimed in the '941 patent. *See FibroGen, Inc.*, 2024 WL 1199018, at *5 ("[B]road allegations about [alleged joint inventor's] general awareness" of compounds and "access to the large database" of compounds insufficient to plausibly plead joint behavior because these allegations do not allow an inference that the named inventor used materials related to the claimed invention provided by the allegedly omitted inventor.).

Kflow's repeated attempts in the Opposition to connect the materials allegedly provided to Ideal Living's Chinese agent to the technology claimed in the '941 patent suggest that it is aware of this fatal flaw. *E.g.*, Op. at 13 ("[The FAC] alleges that their conception was embodied in the four completed prototypes, accompanied by the design and technical documents describing them." (citing FAC ¶ 43)), 10 ("[T]he FAC sufficiently pleads that Defendants received the completed prototype which embodies the technologies claim[ed] in the Patent-in-Suit . . . ."), 8 ("[The FAC] further alleges that their conception took tangible form in four completed prototypes, accompanied by the design and technical documents describing them." (citing FAC ¶ 43)). Kflow's characterization of the FAC's allegations is irrelevant, however. What matters is what the FAC actually alleges. And the FAC never connects the "technologies claimed in the ['941 patent]" and allegedly conceived of by Mr. Lee and Ms. Yen to the "four completed prototypes, [and] the design and technical documents" provided to Ideal Living's Chinese agent. *See* FAC ¶ 43. As such, Kflow's effort to distinguish *Pro Marketing Sales, Inc. v. Secturion Sys., Inc.*, Case No. 1:19-cv-00113, 2020 WL 5912351 (D. Utah Oct. 6, 2020), fails because it is based on Kflow's incorrect assertion that the FAC alleges that "the prototypes and technical documents embod[ied] the claimed system." Op. at 15.

In the cases Kflow relies upon, moreover, there was a pled connection between the materials provided by the allegedly omitted inventor and purportedly used by the

named inventor. For example, in *Imprenta*, the materials exchanged between the named inventor and the allegedly omitted inventor concerned design changes. *Imprenta Servs., Inc. v. Karll*, Case No. 2:20-cv-06177, 2021 WL 4555333, at *6 (C.D. Cal. July 13, 2021). The design changes "allegedly were incorporated into the claimed invention." *Id.* at *7.

Similarly, in the *CelLink* decision Kflow relies on, the court explained that the second amended complaint added allegations that the named inventor "gained access to confidential and trade secret manufacturing processes conceived [of] by" the allegedly omitted inventors and those materials were "built off and relied [on]" to secure the patents at issue. *CelLink Corp. v. Manaflex LLC*, Case No. 23-cv-04231, 2025 WL 1993517, at *6 (N.D. Cal. July 17, 2025) ("*CelLink II*"). The second amended complaint also tied those trade secrets to a "method of producing flexible circuits" that was claimed in the patents at issue. *Id.* at *5–6. In light of these allegations, the second amended complaint in *CelLink II* did not just generically allege that "the named inventor 'either attended the May 9, 2016 meeting or gained access to the information disclosed at that meeting.'" Op. at 14 (quoting *CelLink II*, 2025 WL 1993517, at *7). And, in *CODA*, the complaint expressly linked the materials provided by the allegedly omitted inventor to the named inventor to the claims of the patent at issue. *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, 916 F.3d 1350, 1359 (Fed. Cir. 2019) (noting that the named inventors had filed "claims covering the allegedly novel, proprietary, and confidential information [the allegedly omitted inventors] disclosed to [the named inventors].").[2]

Because the FAC fails to connect the technologies claimed in the '941 patent and purportedly conceived of by Mr. Lee and Ms. Yen to the materials allegedly

---

[2] While *Theranos* is largely irrelevant because it relates to a motion for summary judgment, even there, the record contained evidence connecting the materials from the allegedly omitted inventors that were purportedly used by the named inventors to the inventions in the patent at issue. *Theranos, Inc. v. Fuisz Pharma LLC*, Case No. 5:11-cv-05236, 2013 WL 5051172, at *1–3 (N.D. Cal. Sept. 12, 2013).

provided to Ideal Living's Chinese agent, the FAC fails to adequately plead joint behavior and Claim II should be dismissed. *See FibroGen, Inc.*, 2024 WL 1199018, at *5 ("[B]road allegations about [alleged joint inventor's] general awareness" of compounds and "access to the large database" of compounds insufficient to plausibly plead joint behavior because these allegations do not allow an inference that the named inventor used materials related to the claimed invention provided by the allegedly omitted inventor.).

### 2. <u>The FAC Does Not Adequately Plead Contribution</u>

Kflow concedes that the allegations relevant to contribution are contained in paragraphs 42 & 43 of the FAC: "The FAC alleges that Mr. Lee and Ms. Yen conceived the water filtration system itself, not some peripheral feature of it. FAC ¶¶ 42–43. It alleges that their conception was embodied in four completed prototypes, accompanied by the design and technical documents describing them. FAC ¶ 43." Op. at 13.[3] Kflow asserts that "[t]hese allegations are more than sufficient to show contribution." *Id.* Not so.

As an initial matter, these allegations are conclusory and mirror allegations courts have concluded are insufficient to plausibly plead a claim for nonjoinder. Motion at 11 (citing *Iceotope Grp. Ltd. v. LiquidCool Sols., Inc.*, Case No. 20-cv-2644, 2022 WL 204923, at *3, * 6 (D. Minn. Jan. 24, 2022) (dismissing nonjoinder claim where the complaint alleged that the purported joint inventors conceived of the inventions claimed in the patents, finding that "[t]his conclusory allegation, without more, is insufficient to plausibly allege conception."); *Opternative, Inc. v. JAND, Inc.*, Case No. 17-cv-6936, 2018 WL 3747171, at *9 (S.D.N.Y. Aug. 7, 2018) (dismissing nonjoinder and misjoinder claims where complaint pled that the alleged joint inventor "conceived of the invention of the [relevant patent]" because the allegation was

---

[3] As explained above, contrary to Kflow's suggestion, paragraph 43 of the FAC does not allege that anything purportedly conceived of by Mr. Lee and Ms. Yen "was embodied in four completed prototypes, accompanied by the design and technical documents describing them." *Compare* Op. at 13 *with* FAC ¶ 43.

"conclusory" and vague)). Kflow fails to address either of these cases and their impact on the conclusory nature of the FAC's contribution allegations. *See* Op. at 12–14.

Leaving aside the conclusory nature of these allegations, the FAC must allege facts from which the Court can infer that Mr. Lee and Ms. Yen "made a ***more-than-insignificant contribution*** to the conception ***of at least one claim of the patent*** . . . ." *See CelLink I*, 2025 WL 1069893, at *3 (emphases added). Here, however, the FAC neither alleges that Mr. Lee and Ms. Yen's purported contributions were more-than-insignificant, nor does the FAC attempt to map its allegations concerning conception to any specific claim of the '941 patent. These failures warrant dismissal.

Kflow, nevertheless, asserts that the FAC adequately pled contribution because "the FAC alleges that Mr. Lee and Ms. Yen conceived 'the technologies relating to the water filter system disclosed and claimed therein,' that all fourteen claims of the Patent-in-Suit are 'directed to a water filtration system,' and it sets out claim 14 in full." Op. at 13; *see also id.* at 8–9. The cases Kflow relies upon, however, establish that these vague allegations are inadequate. *See* Op. at 13–14 (citing *CelLink II*, 2025 WL 1993517 and *Betak v. Miftakhov*, Case No. 19-cv-02516-JSC, 2019 WL 5684523 (N.D. Cal. Nov. 1, 2019)). In *Betak*, for example, the complaint tied the allegedly omitted inventor's contributions to specific claims in the patents at issue. *Betak*, 2019 WL 5684523, at *7–9 ("Further, as to the alleged 'electricity meter' invention included in claims 1 and 11, the complaint alleges that Plaintiff 'conceived of the idea of adding and communicatively coupling a revenue-grade electric meter with each JuiceBox charging station' . . . .") The complaint also "detail[ed] [the plaintiff's] contribution" to the alleged invention. *Id.* at *8.

In *CelLink II*, the court dismissed the first amended complaint because, *inter alia*, it did not "identify a single claim or claim limitation to which the CelLink Inventors allegedly contributed . . . ." *CelLink II*, 2025 WL 1993517, at *5. The second amended complaint added "specific allegations identifying the claims to which Messrs. Coakley and Brown[,]" the purported omitted inventors, "allegedly

contributed." *Id.* For example, the second amended complaint added allegations "that Mr. Coakley and Mr. Brown conceived of a method for producing flex circuits . . . . [and] that Mr. Coakley and Mr. Brown contributed to the conception of, at the very least, Claims 1, 12, and 15–16 of the '332 Patent . . . ." *Id.* (cleaned up, internal citations omitted). The court found the second amended complaint adequately pled contribution because it added detailed allegations connecting conception of specific technology to specific claims of the patents at issue. *Id.* at *5–6. And in *Imprenta*, the complaint included detailed allegations describing (1) communications between the allegedly omitted inventor and the named inventor concerning design changes; (2) the exchange of a production level sample, which included the design changes; and (3) that the design changes were "incorporated into the claimed invention." *Imprenta*, 2021 WL 4555333, at *6–7.

In contrast, Kflow's FAC has no similar allegations. Kflow's FAC is akin to CelLink's first amended complaint, which was dismissed for failing to adequately plead contribution. *CelLink I*, 2025 WL 1069893, at *2–3 (allegations that did "not identify a single claim or claim limitation to which the [purported joint inventors] allegedly contributed and instead parrot[ed] the elements of a correction of inventorship claim" were inadequate); *see also Eastman v. Apple, Inc.*, Case No. 18-cv-05929, 2019 WL 1559015, at *3–4 (N.D. Cal. Apr. 10, 2019) (granting motion to dismiss where the plaintiff simply "copie[d] the claim language of numerous claims into his complaint but identifie[d] no relationship between his [own disclosures] and the claims themselves").

Accordingly, both inventorship claims of the FAC should be dismissed because nonjoinder is not adequately pled.

**B. The FAC Does Not Adequately Plead Misjoinder.**

To adequately plead misjoinder a plaintiff "must allege facts that, if true, would overcome the presumption that the inventors named on the [patent] contributed to the conception of the inventions claimed in the [patent]." *Iceotope Grp. Ltd.*, 2022 WL

204923, at *9 (citation omitted). Kflow concedes that the FAC never expressly alleges that either named inventor, Messrs. Spiegel and Pedersen, did not conceive of the inventions claimed in the ’941 patent. Op. at 9–10. That omission is of no moment, according to Kflow, because the “logic” of what is pled “is simple, *i.e.*, if Mr. Lee and Ms. Yen are the correct inventors then Messrs. Spiegel and Pedersen are not.” Op. at 10.

Kflow, however, cites no case holding that a complaint adequately pled misjoinder that did not expressly allege that the named inventor did not conceive of the invention claimed in the patent at issue. Indeed, both cases Kflow relies upon as support for its argument that the FAC adequately pleads misjoinder, expressly pled that the named inventor did not conceive of the inventions claimed in the patents at issue. Op. at 10 (citing *Imprenta*, 2021 WL 4555333 and *CODA*, 916 F.3d 1350). In *Imprenta*, the complaint alleged that the named inventor “did not conceive of, or contribute to the conception of, the inventions claimed in the [patent at issue].” *Imprenta Servs., Inc. v. Karll*, No. 2:20-cv-06177, Complaint (Dkt. No. 1) ¶ 34, (C.D. Cal. July 10, 2020). Similarly, in *CODA*, the complaint alleged that the named inventors “did not conceive of any elements of any claims of the [patents at issue].” *CODA Dev. S.R.O. v. Goodyear Tire & Rubber Co.*, No. 15-cv-1572, Complaint (Dkt. No. 1) ¶¶ 77–78, (N.D. Ohio Aug. 9, 2015).

Even where a complaint includes an express allegation that the named inventor did not conceive of the inventions claimed in the patent at issue, misjoinder claims have still been dismissed as inadequately pled. *E.g.*, *FibroGen, Inc.*, 2024 WL 1199018, at *3 (conclusory allegations that named inventor did not contribute to conception inadequate to plausibly plead claim for misjoinder (citation omitted)); *Iceotope Grp. Ltd.*, 2022 WL 204923, at *4 (allegations that the inventions were “actually invented by [plaintiffs], not by [defendants]” and that defendants had knowledge of plaintiff’s invention and technology were “insufficient to plausibly allege that the named inventors, who are presumptively correct, did not contribute to

conceiving the inventions claimed in the [patents].”). These cases support dismissal here.

Kflow, relying on *CODA*, asserts that these cases are inapposite because the FAC alleges that (1) Ideal Living’s Chinese agent requested prototypes; (2) four completed prototypes together with the design and technical documents were provided; (3) Ideal Living never returned these materials; (4) the named inventors had access to them; and (5) Ideal Living subsequently filed the application for the patent at issue. Op. at 11–12 (citing FAC ¶¶ 43, 45, *CODA*, 916 F.3d at 1359).[4] Even leaving aside, ***for the sake of argument***, that the FAC does not connect the four completed prototypes and the design and technical documents to the inventions claimed in the ’941 patent, the only inference, ***at best***, that could be drawn from these allegations—given the presumption[5] that Messrs. Spiegel and Pedersen, as named inventors of the ’941 patent, conceived of the invention claimed therein—is joint conception, not that Messrs. Spiegel and Pedersen conceived of nothing.

In *CODA*, what made plausible the inference that the named inventors did not conceive of the inventions claimed in the patents at issue, was the named inventors’ “prior failures” as well as “a pointed accusation” that the named inventors “copied” the allegedly omitted inventor’s technology. *CODA*, 916 F.3d at 1354, 1359. Given that the FAC contains no allegation that Ideal Living previously failed to develop the technology claimed in the ’941 patent or an email from a former Ideal Living employee indicating that Ideal Living copied Kflow’s technology, the facts pled are not “nearly identical” to *CODA*. *See* Op. at 11. And, Kflow’s attempts to distinguish *FibroGen* and *Iceotope* based on allegations present in *CODA*, but not pled in the FAC, fall flat. *See* Op. at 11–12.

---

[4] With respect to paragraph 46, Kflow concedes that it “is not the operative allegation of non-conception.” Op. at 12.

[5] Named inventors are entitled to “the presumption that [they] contributed to the conception of the inventions claimed in the [patent].” *Iceotope Grp. Ltd.*, 2022 WL 204923, at *9 (citation omitted).

Finally, Kflow makes much of the fact that Ideal Living never returned the materials it provided. But, the FAC never alleges that Kflow asked for the materials to be returned or that Ideal Living was under an obligation to return the materials. Absent allegations to that effect, nothing improper can be inferred from the alleged fact that Ideal Living never returned the materials Kflow voluntarily provided.

*Imprenta*, on which Kflow relies, makes the standard clear: "Plaintiffs ***must then allege*** that [the alleged inventors] conceived of every claim of the patent ***and that*** any contribution by [the named inventors] to the conception of each and every claim was insignificant." Op. at 9 (citing *Imprenta*, 2021 WL 4555333, at *6 (emphasis added)). The FAC fails to allege that Messrs. Spiegel and Pedersen's contribution to the conception of each and every claim in the '941 patent was insignificant. Accordingly, the misjoinder claim should be dismissed.

In sum, comparing the FAC to the actual complaints at issue in the cases cited by the parties establishes that the FAC is inadequate. The cited precedent echoes this conclusion. The inventorship claims of Count II of the FAC should, therefore, be dismissed.

**C. Kflow's Ownership Claim Fails.**

Kflow concedes that its inventorship claims and ownership claim "rise and fall together." Op. at 15. Because Kflow's inventorship claims are inadequately pled for the reasons described above, the Court should dismiss the entirety of the FAC's Claim II. *See Ecojet, Inc. v. Pure Spa Components, Inc.*, Case No. 16-cv-0146, 2017 WL 3485780, at *1–4 (C.D. Cal. Feb. 10, 2017) (dismissing counterclaim for correction of inventorship and declaratory judgment of joint ownership because the complaint's allegations were insufficient to plausibly plead a claim for correction of inventorship under § 256, which was the predicate for the ownership claim).

**D. Kflow Lacks Standing to Bring Claim II.**

Kflow does not challenge that standing is required to bring a § 256 claim. Nor does it challenge the authority Ideal Living's Motion relied upon. *Compare* Motion

at 12–13 *with* Op. at 16. Instead, Kflow points to allegations that, even accepted as true, only establish (1) that Kflow Xiamen filed a patent application in China published as Chinese Patent No. CN 103553228, (2) that Mr. Lee and Ms. Yen were the "inventors at Kflow Xiamen" who "conceived and developed the underlying technologies claimed" in the '941 patent, and (3) that Kflow obtained Kflow Xiamen's rights. Op. at 16 (citing FAC ¶¶ 24, 25, 43–45). That is insufficient to establish standing.

Absent an allegation that Kflow Xiamen obtained rights from Mr. Lee and Ms. Yen to the purported invention, Kflow cannot demonstrate that Kflow Xiamen had any rights to transfer. *Blackhawk Network Inc. v. SL Card Co. Inc.*, 589 F. Supp. 3d 1115, 1128 (D. Ariz. 2022) ("Absent such an allegation, Blackhawk is unable to demonstrate that *it* has a concrete interest in the Patents, even if its employees do."), *amended on reconsideration*, Case No. 21-cv-00813, 2022 WL 1136633 (D. Ariz. Apr. 18, 2022). Tellingly, Kflow points to no such allegation in the FAC. A successor cannot inherit rights that its predecessor never held. Accordingly, Kflow lacks standing to bring Claim II.

## III. CONCLUSION

For the foregoing reasons, Ideal Living respectfully requests that the Court dismiss Claim II of the FAC under Rule 12(b)(6) for failing to plead correction of inventorship and ownership, and under Rule 12(b)(1) for lack of standing.

DATED: August 13, 2026

By: */s/Benjamin Herbert*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive, Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

**CERTIFICATE OF COMPLIANCE**

The undersigned, counsel of record for Defendants Aqua Tru, LLC and Ideal Living, LLC, certifies that this brief contains 4,033 words, which complies with the word limit of L.R. 11-6.1.

DATED: August 13, 2026

By: */s/Benjamin Herbert*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive, Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*