Damian D. Capozzola (State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

Stevenson Moore (*pro hac vice*)
Smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4604
Facsimile: (972) 314-0900

*Counsel for Plaintiff Kflow (HK) Limited*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

Kflow (HK) Limited,

Plaintiff,

v.

Aqua Tru, LLC and Ideal Living, LLC,

Defendants.

Case No. 2:26-cv-06172-FMO-KS

**JOINT RULE 26(F) REPORT**

Scheduling Conference:
September 10, 2026, at 10:00 a.m.

1. **Statement of the Case:** In its First Amended Complaint (Dkt. No. 17), Plaintiff Kflow (HK) Limited ("Kflow" or "Plaintiff") seeks a declaratory judgment of non-infringement of United States Patent No. 10,532,941 (the "'941 patent") and a declaratory judgment of ownership and inventorship of the '941 patent. Defendants Aqua Tru, LLC and Ideal Living, LLC ("Ideal Living" or "Defendants") have filed a pending motion to dismiss Kflow's claim of ownership and inventorship of the '941 patent. Accordingly, Defendants have not yet answered the First Amended Complaint or asserted any counterclaims, but Defendants dispute the allegations in the First Amended Complaint and that Kflow is entitled to the relief it seeks.

2. **Subject Matter Jurisdiction:** This Court has subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 and 1338(a) because those claims arise under the patent laws of the United States 35 U.S.C. §§ 101 *et seq*. This Court also has subject matter jurisdiction over Plaintiff's claims pursuant to the Declaratory Judgment act, 28 U.S.C. §§ 2201 and 2202.

3. **Legal Issues:** The key legal issues concerning Plaintiff's claims include infringement, inventorship, and ownership of the '941 patent. The parties do not anticipate any unusual substantive, procedural, or evidentiary issues.

4. **Parties, Evidence, etc.:** The parties are Plaintiff Kflow (HK) Limited and Defendants Aqua Tru, LLC and Ideal Living, LLC.

Plaintiff Kflow (HK) Limited is fully owned by Phoenix Fortune, Inc. Plaintiff plans to have one or more corporate witnesses and two individuals who it believes to be the true inventors of the '941 Patent. Plaintiff also intend to have one or more expert witnesses. Plaintiff expects discovery concerning conception, reduction to practice, inventorship, and prosecution of the '941 Patent, past business relationship between the parties (through Defendants' agent), invalidity and non-infringement of the '941 Patent, and Defendants' own practice of the '941 Patent.

Defendants are each wholly owned by Ideal Living Intermediate II, LLC. Defendants intend to have one or more corporate representatives appear as witnesses,

as well as one or more expert witnesses. Defendants expect that the key documents in the case will be documents concerning conception and reduction to practice of the '941 patent, documents concerning Plaintiff's accused products, and documents concerning the relationship between Plaintiff and Defendants.

5. **Insurance:** Plaintiff is not aware of any relevant insurance coverage. Defendants are not aware of any relevant insurance coverage.

6. **Magistrate Judge:** The parties do not consent to a magistrate judge from the court's Voluntary Consent List to preside over this action for all purposes, including trial.

7. **Discovery: Exhibit A** contains the parties' proposed detailed discovery plan, discovery cut-off date, schedule for expert witness disclosures, and expert discovery cut-off. The parties intend to present a proposed Protective Order and a proposed protocol for the production of documents and electronically stored information.

**Plaintiff**: Plaintiff proposes that depositions should be noticed and conducted at times and locations mutually agreeable to the parties, the witness, and counsel, selected to minimize inconvenience and expense. Any deposition may be taken by remote means upon stipulation of the parties and without further order of the Court. No default location should be set for depositions generally; the location of any particular deposition should be addressed on a witness-by-witness basis, without prejudice to either party's right to seek relief from the Court as to any specific deposition.

**Defendants**: Defendants propose that, absent an order from the Court based on a showing of good cause, depositions of the parties and their employees will take place in person in the Central District of California. *Sony Corp. v. Vizio, Inc.*, No. 08-cv-1135-RGK-FMO, 2009 WL 10674940, at *2 (C.D. Cal. Oct. 9, 2009).

8. **Motions:** The parties do not expect any motions seeking to add other claims or to transfer venue. Defendants' partial motion to dismiss is pending. If and when Defendants file a responsive pleading, Defendants expect to add other parties and/or claims.

9. **Class Certification:** Not applicable.

10. **Dispositive Motions: Exhibit A** contains the parties' proposed cut-off date for dispositive motions. The parties believe that such dispositive motions may include motions for summary judgment pertaining to infringement, inventorship, or ownership.

11. **Settlement/Alternative Dispute Resolution (ADR):** The parties have not had settlement discussions or written communications regarding settlement. The parties prefer private mediation.

12. **Pretrial Conference and Trial: Exhibit A** contains the parties' proposed dates for the pretrial conference and trial.

13. **Trial Estimate:** Plaintiff estimates that trial will be a four-day jury trial and expect to call 3-5 witnesses. Defendants estimate that trial will be a four day jury trial, excluding jury selection, opening statements, and closing arguments, and expect to call 3-5 witnesses.

14. **Trial Counsel:** Plaintiff expects that the attorneys trying this case for Plaintiff will be Stevenson Moore and Nicholas Najera of Ni, Wang & Massand, PLLC. Defendants expect that the attorneys trying this case for Defendants will be Ben Herbert, Mindy Morton, and Brett Garrison, of Procopio, Cory, Hargreaves & Savitch LLP.

15. **Independent Expert or Master:** The parties do not anticipate the need for a master pursuant to Rule 53 or an independent scientific expert.

16. **Other Issues:** The parties request that this Court utilize the Patent Local Rules for the Northern District of California for this matter. **Exhibit A** includes deadlines based on these Patent Local Rules. Since these Patent Local

Rules are triggered off of a party claiming patent infringement, and no such claim has been made in this case yet, the specific dates for these Patent Local Rules deadlines are not yet known, but will be triggered on Defendants' filing of an answer and counterclaims. All other proposed deadlines in **Exhibit A** include specific proposed dates.

DATED: August 26, 2026

By: */s/ Stevenson Moore*

Damian D. Capozzola (State Bar No. 186412)
ddc@ddclaw.com
Law Office of Damian D. Capozzola
633 W. Fifth St., 26th Floor
Los Angeles, CA 90071
Tel: 213-533-4112

Stevenson Moore (*pro hac vice*)
Smoore@nilawfirm.com
NI, WANG & MASSAND, PLLC
8140 Walnut Hill Lane, Suite 615
Dallas, TX 75231
Telephone: (972) 331-4604
Facsimile: (972) 314-0900

*Counsel for Plaintiff Kflow (HK) Limited*

By: */s/ Benjamin Herbert*

Benjamin Herbert (Bar No. 277356)
E-mail: benjamin.herbert@procopio.com
PROCOPIO, CORY, HARGREAVES & SAVITCH LLP
200 Spectrum Center Drive
Suite 1650
Irvine, CA 92618
Telephone: 949.247.7302
Facsimile: 619.235.0398

*Attorney for Defendants*
*Aqua Tru, LLC and Ideal Living, LLC*

EXHIBIT A: SCHEDULE OF PRETRIAL AND TRIAL DATES WORKSHEET

Case No: 2:26-cv-06172-FMO-KS

Name: *Kflow (HK) Limited v. Aqua Tru, LLC and Ideal Living, LLC*

| **Event** | **Joint Request** | **Court's Order** |
|---|---|---|
| Scheduling Conference | September 10, 2026 | September 10, 2026 |
| Parties Exchange Rule 26(a)(1) Initial Disclosures | September 9, 2026 | |
| Deadline to File Motion to Join Parties or Amend Pleadings | December 8, 2026 | |
| Patent Rule 3-1 Disclosure of Asserted Claims and Infringement Contentions | 30 days after filing of any claim asserting patent infringement | |
| Patent Rule 3-3 Invalidity Contentions | 45 days after Patent Rule 3-1 | |
| Patent Rule 4-1 Exchange of Proposed Terms for Construction | 14 days after Patent Rule 3-3 | |
| Patent Rule 4-2 Exchange of Preliminary Claim Constructions and Extrinsic Evidence | 21 days after Patent Rule 4-1 | |
| Patent Rule 3-8 Damages Contentions | 50 days after Patent Rule 3-3 | |
| Patent Rule 4-3 Joint Claim Construction and Prehearing Statement and Expert Reports regarding Claim Construction | 60 days after Patent Rule 3-3 | |
| Patent Rule 3-9 Responsive Damages Contentions | 30 days after Patent Rule 3-8 | |

| | | |
|---|---|---|
| Patent Rule 4-4 Completion of Claim Construction Discovery | 30 days after Patent Rule 4-3 | |
| Deadline for Party Asserting Infringement to File Opening Claim Construction Brief | 45 days after Patent Rule 4-3 | |
| Deadline for Responsive Claim Construction Brief | 14 days after Opening Claim Construction Briefs | |
| Deadline for Reply Claim Construction Brief | 7 days after Responsive Claim Construction Briefs | |
| Claim Construction Hearing (in Person) | 14 days after Reply Claim Construction Brief, subject to the Court's availability | |
| Patent Rule 3-10 Damages Contentions Meeting | 60 days after Patent Rule 3-9 | |
| Deadline to Complete Fact Discovery | July 30, 2027 | |
| Initial Expert Disclosures | October 1, 2027 | |
| Rebuttal Expert Disclosures | October 29, 2027 | |
| Deadline to Complete Expert Discovery | December 3, 2027 | |
| Deadline to File Dispositive Motions | January 3, 2028 | |
| Deadline to File Proposed Final Pretrial Order | April 28, 2028 | |
| Pretrial Conference | May 5, 2028, subject to the Court's availability | |
| Trial | Week of May 22, 2028, subject to the Court's availability | |